## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

CAMPBELL, TRUSTEE, AND OTHERS v. McBEE AND ANOTHER.

AUGUST 1, 1895.

1. SEPARATE ESTATE UNDER ACTS OF 1877 AND 1878—*Interest of Husband— Curtesy—Judgment Against Husband.*—The husband has no interest, during the lifetime of the wife, in the real estate acquired by her as a separate estate under the Act of April 4, 1877, as amended by the Act of March 14, 1878. If the wife dies intestate and the husband is entitled to curtesy, a judgment against the husband during the coverture will attach to his estate by the curtesy, but in subordination to a deed of trust made by husband and wife during the coverture.

Appeal from a decree of the Circuit Court of Wythe county, pronounced March 17, 1894, in a suit in chancery wherein M. K. McBee and others were the complainants, and the appellees and others were the defendants.

*Reversed.*

The opinion states the case.

*Walker & Caldwell* and *A. A. Campbell*, for the appellants.

*J. A. Sanders* and *Ro. Crockett*, for the appellees.

HARRISON, J., delivered the opinion of the court.

Mary K. McBee, a married woman, inherited from her mother one hundred and sixty acres of land, and under the Acts of 1876–7 and 1877–8 she became seised and possessed

of this inheritance as her legal separate estate. During her coverture creditors of her husband obtained judgment against him, and after these judgments were duly docketed the husband joined in a deed conveying this land to a trustee to secure a loan made to the wife. The wife died. The children of Mary K. McBee, after her death, instituted this suit to enjoin and restrain the trustee from enforcing collection of the debt secured in the deed of trust, and set up the judgments against the husband as liens of prior dignity thereon. An account of liens was ordered, and the master reported said judgments as prior liens binding the life estate of the husband in the land. The Circuit Court overruled all exceptions to this report, and held that Milo McBee, the husband of Mary K. McBee, was tenant by the curtesy of the land; that this gave him a life estate therein, which was liable to his judgment creditors, as liens of higher dignity than the debt of the wife secured by deed of trust. From this decree the case was brought to this court.

The land sought to be subjected to these liens is conceded to have been, in her lifetime, the legal separate estate of Mary K. McBee, held as such by virtue of the Married Woman's Act of 1876–7–8. It is unnecessary to enter upon an elaborate consideration of this act. It is comprehensive in defining the sole ownership, and absolute character, of the estate created in the wife by it. She can devise it as if unmarried, can alien and encumber it, and, if her husband does not voluntarily unite with her in a deed parting with it, she can pass an absolute title to it by invoking the aid of a court of equity. The act guards the estate, thus absolutely vested in the wife, with great particularity, from the debts and liabilities, and from any and every power of the husband. *The husband has no interest, during the wife's lifetime, in the estate of the wife created by this act*, and judgments against him cannot attach to what does not exist. If the

wife does not alien her separate real estate, held under this act, in her lifetime, the husband has curtesy in it at her death. But when, during her lifetime, she has conveyed it to a trustee by deed united in by her husband, to secure a debt, then, so far as the land is necessary to pay the debt thus secured, he has no curtesy in it, and the deed of trust is not affected by judgments rendered against him.

In the case at bar, the debt secured to the appellant, Jennie Lawson, in the trust deed from Mary K. McBee and her husband, to A. A. Campbell, substituted trustee, is a lien upon the land conveyed in that deed, prior in dignity to the judgments audited against the appellee, Milo McBee, and must be first satisfied in full from the proceeds of sale before the judgment creditors can receive anything.

The decree of the Circuit Court appealed from is, for the foregoing reasons, erroneous, and must be reversed and annulled, and the cause remanded for further proceedings to be had therein, in conformity with this opinion.

*Reversed.*