𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

BANKERS LOAN AND INVESTMENT Co. v. BLAIR.

JULY 4, 1901.

1. JUDGMENTS—*Unrecorded Deed by Judgment Debtor—Subsequent Deed Recorded.*—If a grantee of land who has failed to record his deed induce the grantor to make a new deed to the grantee's wife, who records the same, and, together with her husband, executes a deed of trust on the property for a loan with which to pay the purchase price, the deed and deed of trust, when recorded, operate to invest the trustee with the title to the property, as against the creditors · of the grantor, and they cannot subject it to judgments obtained against the grantor subsequent to such recordation. As against creditors of the grantor, the unrecorded deed is a mere nullity, and must be treated as if it had never been executed. Such creditors cannot treat the deed as a nullity for some purposes, and as valid for others. The fact that it may be valid between the parties, and as to subsequent purchasers with notice, does not affect them.

2. JUDGMENTS—*Docketing—Indexing.*—Docketing and indexing a judgment in the name of " Mrs. John Smith " is no notice of a judgment against Mary Smith, who is in fact the wife of John Smith.

3. HUSBAND AND WIFE—*Statutory Separate Estate—Curtesy Judgments.*— The husband has no interest, during the coverture, in the wife's statutory separate estate upon which judgments can attach as liens, and an alienation by husband and wife, during the coverture, defeats his curtesy.

Appeal from a decree of the Corporation Court of the city of Roanoke, pronounced February 7, 1900, in sundry chancery suits heard together.

*Reversed.*

The opinion states the case.

*Cocke & Glasgow*, for the appellant.

*Archer A. Phlegar*, for the appellees.

Buchanan, J., delivered the opinion of the court.

On August 20, 1890, Dr. B. D. Downey purchased of Mrs. May M. Simmons a house and lot in the city of Roanoke, gave his notes for the deferred purchase price, and to secure their payment executed a deed of trust upon the same property which the deed of trust recited had been conveyed to him by Mrs. Simmons. The conveyance to Dr. Downey was not recorded, and was either lost or destroyed.

In 1891, Mrs. Simmons executed a deed, dated August 20, 1890, to Dr. Downey's wife for the same property, who assumed to pay the notes executed by her husband. This deed was admitted to record October 19, 1891. Being pressed for the payment of these notes by the Fidelity Loan and Trust Company, the holders thereof, Mrs. Downey secured a loan from the appellant, the Bankers Loan and Investment Company, and to secure its payment executed a deed of trust on the property, her husband uniting with her, which was admitted to record November 6, 1891. The proceeds of the loan, to the extent of the indebtedness due the Fidelity Loan and Trust Company, was paid to it, and the purchase money notes held by that company were taken up uncancelled and held by the Bankers Loan and Investment Company for its protection.

A short time thereafter certain judgment creditors of Dr. Downey filed their bill to subject the house and lot to the payment of their judgments, in which they alleged that the property had been conveyed to Dr. Downey by Mrs. Simmons prior to her conveyance to Mrs. Downey, and that her deed was void and in fraud of their rights.

The case came to this court, and it was held that the Bankers

Loan and Investment Company was substituted to the rights of the holders of the purchase money notes executed by Dr. Downey, and had priority over his judgment creditors seeking to subject the land. See *Bankers Loan & Investment Co.* v. *Hornish,* 94 Va. 608.

After the cause was remanded for further proceedings, Miss Gertrude Blair, by petition, which was treated as her answer and cross-bill, became a party to the suit. In her cross-bill she alleged that she was owner by assignment of two judgments, one rendered at the July term, 1891, of the Hustings Court of the city of Roanoke against T. Frank Simmons, Mrs. T. Frank Simmons, and five other persons; that it was docketed the 31st day of the same month, and indexed in the name of Mrs. T. Frank Simmons; that on July 17, 1897, it was indexed in the name of May M. Simmons; that Mrs. Simmons sometimes signed her name as May M. Simmons and sometimes Mrs. T. Frank Simmons, and of this fact the defendants to the cross-bill had notice; that the other judgment was rendered against May M. Simmons and T. Frank Simmons at the June term, 1892, of the same court, and docketed in their names July 21st of that year; that by deed dated August 20, 1890, Mrs. Simmons, who was the owner of the house and lot hereinbefore mentioned, sold and conveyed the same to Dr. D. B. Downey, who never recorded his deed; that by another deed dated the same day, but really executed in September, 1891, Mrs. Simmons conveyed the same property, her husband uniting in the deed, to Mrs. Mollie J. Downey, the wife of Dr. Downey, who had full notice of the prior conveyance to her husband; that this conveyance was not recorded until after the first-named judgment had been docketed; that by deed dated October 1, 1891, and recorded the 6th of that month, Mrs. Downey and her husband had conveyed the house and lot to Silas W. Burt, trustee, to secure a debt of $7,000, to the Bankers Loan and Investment Company, and then detailed the proceedings had in the suit brought by the creditors of Dr.

Downey, which have already been sufficiently set out in this opinion. She further alleged that Mrs. Simmons had departed this life, and claimed that the judgments were prior liens upon the house and lot; or, if not liens upon the whole property, they were liens at least to the extent of the husband, T. Frank Simmons' curtesy therein, and prayed that her liens should be respected and protected, and the property sold for her benefit.

The ground upon which Miss Blair claims that her judgments are liens upon the house and lot, and have priority over the deed of trust securing the appellant, is that provision of section 2465 of the Code which declares that a deed conveying real estate shall be void as to creditors and subsequent purchasers for valuable consideration without notice until and except from the time that it is duly admitted to record in the county or corporation where the property embraced in the deed is situated.

Under that section of the code, the unrecorded deed to Dr. Downey was void as to the creditors of Mrs. Simmons, and as to them the title remained in Mrs. Simmons as fully as if the deed had never been executed. This being so, if Mrs. Simmons had executed a new deed to Dr. Downey and he had recorded it, there can be no question that from the time it was recorded it would have invested him with title to the property *as against the creditors of Mrs. Simmons*, and that they could not have subjected it to judgments obtained against her subsequent to its recordation. Instead, however, of obtaining a new conveyance from Mrs. Simmons, or of setting up the lost deed and recording the same, Dr. Downey induced Mrs. Simmons, as must be inferred from the evidence in the cause, to convey the property to his wife, who assumed to pay the purchase price due from him, borrowed the money from the appellant with which to pay it, and to secure the loan executed the deed of trust upon the property, in which her husband united.

The conveyance to Mrs. Downey and the deed of trust executed by her and her husband operated, when recorded, to invest

the trustee with title to the property *as againt the creditors of Mrs. Simmons* as fully and as completely as if Mrs. Simmons had executed the new deed to Dr. Downey, and he had executed the deed of trust to secure the money borrowed to pay the purchase price due from him. As against the creditors of Mrs. Simmons, the unrecorded deed was a mere nullity. As to them, it had no existence in contemplation of law, and their rights must be determined as if it had never been executed. They cannot treat the deed as a nullity for some purposes, and as valid for others. The fact that it may be valid between the parties and as to subsequent purchasers with notice does not affect them; it neither adds to nor detracts from their rights. That is a question for those parties; not for the creditors of Mrs. Simmons. This being true, unless the subsequently recorded deed to Mrs. Downey was made to hinder, delay and defraud the creditors of Mrs. Simmons (and this is not claimed), they have no right to subject the property to judgments obtained or docketed against their debtor after the subsequent deed was put on record. Any other construction of the registry act upon the question under consideration would not only protect the creditors from any injury resulting from a failure to record the deed, but would give them greater rights than they would have had if the deed had not been executed, and would enable them to subject the property to the payment of judgments obtained or docketed against their debtor after the record showed that she had no interest whatever in the property.

One of the judgments asserted by Miss Blair was obtained after the conveyance to Mrs. Downey, and the deed of trust securing appellant had been recorded. The other was rendered against T. Frank Simmons, Mrs. T. Frank Simmons, and five others, and duly docketed and indexed in the names of the defendants as they appeared in the judgment, prior to the execution and recordation of the conveyances to Mrs. Downey and the trustee.

In July, 1897, the last named judgment was indexed in the judgment lien docket in the name of "May M. Simmons, who is claimed to be Mrs. T. Frank Simmons." It is not shown that Mrs. Downey, or the parties who claim under her, had actual notice of that judgment when they purchased, or of the fact that Mrs. T. Frank Simmons and May M. Simmons were the same person. Docketing and indexing that judgment in the name of Mrs. T. Frank Simmons was not constructive notice that it was a lien upon the house and lot standing upon the record in the name of May M. Simmons. The trustee in the deed of trust and the appellant were chargeable with notice of the fact that the assignor of the appellee, Miss Blair, held a judgment against Mrs. T. Frank Simmons, and of the amount, terms and character thereof, but they were not chargeable with notice that May M. Simmons, the grantor of Mrs. Downey, and Mrs. T. Frank Simmons named in the judgment, and in whose name it was docketed, were the same person. The judgment did not disclose that fact, nor did it suggest any fact that would have led up to that fact. Code of Va., sec. 3561; Ridgway's Appeal, 15 Penn. 177; *Johnson* v. *Hess*, 25 N. E. 445; see Pom. Eq. Jur., secs. 654 and 655. Indeed, counsel for appellant did not, either in his brief or oral argument, seem to place much reliance upon that contention.

The cross-bill claims that the judgments are at least liens upon the husband, T. Frank Simmons', estate by the curtesy in the property. The property was the wife's statutory separate estate. During her life he had no interest in it upon which the lien of the judgments could attach, and she having aliened the property by a conveyance in which he united, his right by the curtesy was defeated. *Breeding* v. *Davis*, 77 Va. 639; *Campbell* v. *McBee*, 92 Va. 68.

We are of opinion, therefore, that the judgments asserted by Miss Blair are not liens upon the house and lot mentioned, and

that the corporation court erred in so decreeing. The decree appealed from must be reversed, and this court will enter a decree dismissing Miss Blair's cross-bill, and remanding the cause for further proceedings.

*Reversed.*