## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

HARRIS, WOODSON, BARBEE CO., INC. v. G. TAYLOE GWATH-
MEY, CLERK.

June 16, 1921.

1. PARTNERSHIP—*Interests of Partners in Partnership Property.*—
As to partnership property the copartners are neither joint
tenants nor tenants in common, but possesors of their respec-
tive interests as partners as defined by law, based upon and
limited by the contract, but subject first of all to the copart-
nership debts.

2. CONDITIONAL SALES—*Reservation of Title—Indexing—Partner-
ship.*—Under section 5189, Code of 1919, in regard to reser-
vation of title to and liens on goods sold, while such contracts
must be indexed in the name of the vendee, and the contract
itself must disclose such name, if the vendee is a partnership
and the contract is indexed in the name of the partnership, it
is sufficient. The individual names of the members of the
vendee copartnership need not be given.

Error to a judgment of the Circuit Court of the city of
Norfolk, in a proceeding by motion for a judgment for
damages. Judgment for defendant. Plaintiff assigns er-
ror.

*Reversed.*

The opinion states the case.

*E. W. White, F. C. Abbott* and *Herbert M. Woodward,* for
the plaintiff in error.

*Jas. G. Martin,* for the defendant in error.

PRENTIS J., delivered the opinion of the court.

The plaintiff in error, by motion, seeks to recover dam-
ages against the defendant, who is the clerk of the Circuit

Court of Norfolk county, alleging that he had improperly docketed a reservation of title contract in failing to make a memorandum on the record showing when and how the amount due thereunder was payable. The demurrer of the defendant to the notice was sustained, judgment thereupon entered for the defendant, and to this judgment a writ of error has been allowed.

The contract covers a certain marble counter, carbonator and accessories, sold by the plaintiff to be delivered to the vendees at a store occupied by them and in which they conducted business on Titustown street, in the county of Norfolk. The individual names of the members of the vendee copartnership were not given, but they were designated in the contract as Greenwood & Christ and it was signed "Greenwood & Christ by George Christ."

The defendant bases his demurrer upon the ground that his failure to state upon the record when and how the amounts due thereunder were payable, was immaterial and caused no damage, because the contract was itself defective in failing to state the names of the individuals composing the vendee partnership, and hence that it was inherently incapable of being lawfully indexed. Whether under the Virginia statute this contract can be docketed so as to create a lien under Code, 1919, sec. 5189, on the property sold, presents the only question which we need now determine.

It is not denied that a copartnership may buy and sell personal property needed and used for copartnership purposes in the firm name, and of course no citation of authority is needed to support this proposition. The sole argument for the defendant in error is based upon the language of Code 1919, sec. 5189, referring to such contracts. It is claimed that because that statute provides that "it shall be the duty of the clerk to record such writing in the book of miscellaneous liens, and index it in the

names of both the vendor and vendee," and that "no such writing shall be deemed to be admitted to record under this section unless and until the same has been indexed according to law," that this contract, the names of the members of the vendee copartnership having been omitted therefrom, was therefore inherently incapable of being docketed because it could not be indexed in their names. Unquestionably it is true that such a contract must be indexed in the name of the vendee, and the contract itself must disclose such name.

[1] It must be conceded that this copartnership had the right to buy the property in the partnership name. When so bought they did not become mere joint owners thereof, though jointly interested therein as copartners, and the title thereto vested in the copartnership as such, and as clearly distinguishable from their several interests in their separate property. While objection has been made in some of the cases to holding that a copartnership is a separate entity like a corporation, no appropriate word has been suggested which will express the true idea accurately. As to such property the copartners are neither joint tenants nor tenants in common, but possessors of their respective interests as partners as defined by law, based upon and limited by the contract, but subject first of all to the copartnership debts. 20 R. C. L. 804, 870. It cannot be doubted that the copartnership, as such, was the vendee of this property, and indeed we do not understand that this is denied. What is urged upon us is that because the individual names of the partnership were not given, the contract cannot be lawfully indexed as required by the statute, and if not so indexed the instrument created no valid lien. There is, however, no uncertainty in this contract as to the "name of the vendee" and this is all that the statute requires. To justify us in sustaining the contention, we would be forced to supply the statute with essential provisions which the

General Assembly has omitted, and by construction to incorporate therein the requirement that when a copartnership is vendee it is necessary to name the several members thereof in the instrument, so that it can be indexed in the names of these copartners, although the firm, as such, is the vendee. These considerations lead us inevitably to the conclusion that this copartnership, as such, was the vendee and the individual members thereof were not such vendees, within the meaning of that statute. It is argued that this construction will lead to great practical inconvenience, because a partnership may and often does take a fictitious name, and, therefore, that indexing such contracts in such fictitious name will not give the notice to the public which is contemplated. That such inconvenience is possible and probable cannot be doubted, and yet it is likewise true that copartnerships are often very much better known and identified by the partnership name, even when fanciful or fictitious, than by the names of the individual partners, who are frequently unknown to the public. Therefore, to index such contracts only in the names of the individual partners would doubtless lead to still greater evils in failing to give the desired notice.

The cases relating to the indexing of docketed judgments (*Bankers' Loan & Inv. Co.* v. *Blair*, 99 Va. 606, 39 S. E. 231, 86 Am. St. Rep. 914; *Richardson* v. *Gardner*, 128 Va. 676, 105 S. E. 225) have little application, because of the statute, Code 1919, sec. 6464, which requires that every judgment shall be indexed in the name of each defendant and shall not be regarded as docketed as to any defendant in whose name it is not so indexed.

[2] Our conclusion, therefore, is that this contract is upon its face valid, and that if indexed in the name of the vendee partnership, Greenwood & Christ, it was lawfully indexed under the Virginia statute. This subject, however, should receive the attention of the General Assembly, and in

order that the records shall give proper notice, such contracts should be required expressly to state whether the vendee is a copartnership or a corporation, and if a copartnership that the names of the copartners shall be stated and that they shall be indexed in the name of each partner as well as in the name of the firm.

Our judgment is that the demurrer should have been overruled.

*Reversed.*