[No. 11855.  Department Two. — June 11, 1889.]

JUAN  B.  CASTRO, RESPONDENT, *v.* MICHAEL BARRY, APPELLANT.

QUIETING TITLE — ACTION TO DETERMINE ADVERSE CLAIM — COMPLAINT. — A complaint which alleges that the plaintiff is the owner of the property, that the defendant claims an interest therein adversely to the plaintiff, that such claim is without right, and that defendant has no right, title, or interest in the property, is sufficient in an action to determine an adverse claim. And such a complaint is not vitiated by unnecessary allegations as to the nature of the defendant's claim.

ID. — NATURE OF DEFENDANT'S CLAIM. — It is not necessary that the defendant's claim should be of any particular nature or character. Even if he makes no claim, he must file a disclaimer, and judgment may be entered against him, though in case of a disclaimer the judgment must not be for costs.

ID. — ALLEGATIONS AS TO NATURE OF DEFENDANT'S CLAIM, OR AS TO ITS
    APPARENT VALIDITY. — It not being necessary that the defendant's
    claim should be of any particular nature or character, it is not necessary
    that the complaint should set forth its nature or character, or state facts
    showing its apparent validity. Distinction in this regard between ac-
    tions under the statute to determine adverse claims and suits to remove
    a cloud upon title.

WHO MAY MAINTAIN THE ACTION — HOLDER OF EQUITABLE RIGHT. — It
    seems that if the legal title had passed from the plaintiff to the defendant
    by reason of a mistake in the description of a deed between the parties,
    the mistake could not have been corrected in an action to determine an
    adverse claim, because the action cannot be maintained against the holder
    of the legal title by one who has a mere equitable right.

DESCRIPTION IN DEED — COURSES AND DISTANCES — VISIBLE BOUNDARIES.
    — Courses and distances are controlled by visible boundaries. Hence
    where there is such a boundary, a mistake in the course is a harmless
    error.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*William H. Webb*, for Appellant.

*S. F. Geil*, and *H. V. Morehouse*, for Respondent.

HAYNE, C. — The complaint in this case alleged in
substance that the plaintiff was the owner of certain real
property; that the defendant claimed an interest therein
adverse to the plaintiff; that such claim was without
right, and that the defendant had no right, title, or in-
terest whatever in the property. There were other alle-
gations which will be noticed below. The prayer was,
that defendant be required to set forth the nature of his
claim, that it be adjudged to be void, and that defendant
be enjoined from asserting it. The trial court found the
above allegations to be true. Judgment was entered for
the plaintiff, and the defendant appeals.

It is contended for the appellant, in the first place, that
"an action to quiet title or to remove a cloud upon title
will not lie where the facts alleged, if true, would not

legally affect the plaintiff's title." But in this the learned counsel overlooks the distinction between actions to determine adverse claims, which are provided for by the Code of Civil Procedure, and which in this state are commonly referred to as actions to quiet title, and suits to have an instrument canceled, or adjudged to be void, which are usually called actions to remove a cloud.

Suits to have an instrument canceled, or adjudged to be void, were quite common in the old chancery practice, and constituted one of the applications of the principle *quia timet*. (2 Story's Eq. Jur., sec. 701.) This suit is preserved by the Civil Code, which has the following provisions on the subject:—

"Sec. 3412. A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged and ordered to be delivered up or canceled.

"Sec. 3413. An instrument, the invalidity of which is apparent upon its face, or upon the face of another instrument which is necessary to the use of the former in evidence, is not to be deemed capable of causing injury, within the provisions of the last section."

In this kind of action, therefore, it is expressly provided by statute that if the instrument is void upon its face, or when construed with another instrument with which it is necessarily connected, the relief will not be granted. This provision is the embodiment in statutory form of an old and well-settled rule of equity. And as a matter of course, in order to obtain the relief it is necessary that the complaint should state a case within the rule. In the language of Sanderson, J., in *Hibernia S. & L. Soc. v. Ordway*, 38 Cal. 681, "In an action to remove a cloud, there can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, ought to be stated."

Suits to determine adverse claims such as exist in this state were not known to the old chancery practice, but were provided for by statute. The provision of the Code of Civil Procedure is as follows:—

"Sec. 738. An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." (Compare sec. 254 of old Practice Act, Laws 1851, pp. 92, 93.)

The distinction between the two kinds of action is clear. They are different not merely in form (for we have no forms of action in the common-law sense), but in purpose. In the former case the proceeding is aimed at a particular instrument, or piece of evidence, which is dangerous to the plaintiff's rights, and which may be ordered to be destroyed in whosesoever hands it may happen to be. While in the latter, the proceeding is for the purpose of stopping the mouth of a person who has asserted or is asserting a claim to the plaintiff's property, whether such claim be founded upon evidence or utterly baseless. It is not aimed at a particular piece of evidence, but at the pretensions of an individual.

The statutory action to determine an adverse claim is an improvement upon the old bill of peace. The statute enlarges the class of cases in which equitable relief could formerly be sought in the quieting of title. It is not necessary, as formerly, that the plaintiff should first establish his right by an action at law. "He can immediately, upon knowledge of the assertion of such claim, require the nature and character of the adverse estate or interest to be produced, exposed, and judicially determined, and the question of title be thus forever quieted." (*Curtis* v. *Sutter*, 15 Cal. 262, 263; and see *Stark* v. *Stars*, 6 Wall. 409.) Nor is it necessary that the adverse claim should be of any particular character. As said by Baldwin, J., delivering the opinion in *Head* v. *Fordyce*, 17 Cal. 151, the statute " does not confine the remedy to the

case of an adverse claimant setting up a legal title or even an equitable one; but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension." (See also *Horn* v. *Jones,* 28 Cal. 204; *Joyce* v. *McAvoy,* 31 Cal. 287, 288; 89 Am. Dec. 172.) And the rule may be even more broadly stated, viz., that the action may be maintained by the owner of property to determine any adverse claim whatever. For if the defendant by his answer disclaims all interest whatever, judgment may, nevertheless, be entered against him, though in such case it must be without costs. (Code Civ. Proc., sec. 739; compare *Brooks* v. *Calderwood,* 34 Cal. 566, and *Scorpion Co.* v. *Marsano,* 10 Nev. 380, 381.)

The plaintiff, therefore, is not required to set forth the nature of the defendant's claim. (*People* v. *Center,* 66 Cal. 562; *Scorpion Co.* v. *Marsano,* 10 Nev. 380, 381; *Jefferson R. R.* v. *Oyler,* 60 Ind. 392.) The pleading is very simple. And it is well settled that the allegations above mentioned are sufficient. (*Rough* v. *Simmons,* 65 Cal. 227; *Heeser* v. *Miller,* 77 Cal. 192.)

It is argued for the appellant, however, that the complaint contains something beside the allegations above mentioned; that it is really a complaint to reform a deed, and that when so considered, both the complaint and findings are insufficient, because it is neither alleged nor found that the deed sought to be reformed embraced the property in controversy.

The complaint, after the allegations above mentioned, proceeded to set forth the nature of the defendant's claim. It alleged that said claim was founded on a mistake in the description of a deed. The mistake was this:

after reaching a post on the west bank of Moro Slough the description called for the following course, viz.: "thence down the said slough north 72° west 61.50 chains, to a stake in a small slough at a point known as the Bolsita," while it was alleged and found that instead of "north 72° west," the course should have been "north 12° west."

Now, if it had appeared that the land in controversy was included in the deed as made, so as to pass thereby, the plaintiff could not have maintained an action under the statute to determine an adverse claim. For it has been held that a mistake in the description of a conveyance cannot be corrected in such an action. (*Brewer* v. *Houston,* 58 Cal. 345.) In such case the legal title would have passed by the conveyance; and the holder of a mere right in equity to have the conveyance reformed cannot maintain an action like the present against the holder of the legal title. (*Von Drachenfels* v. *Doolittle,* 77 Cal. 295.) But, according to the appellant's own statement, this does not appear. And we think that the contrary appears affirmatively. For the description contained in the deed made is given in the complaint and in the findings. And it appears therefrom that the mistake in the course is immaterial. The wrong course is controlled by the direction to go "down the said slough" to a specified point. Courses and distances yield to visible boundaries. (*Spring* v. *Hewston,* 52 Cal. 442; *Serrano* v. *Rawson,* 47 Cal. 55; *More* v. *Massini,* 37 Cal. 436.) It affirmatively appears, therefore, both from the complaint and findings, that there was nothing requiring reformation, and no basis for the defendant's claim.

As above stated, it was not necessary for the complaint to set forth the nature of the defendant's claim. But the unnecessary allegations merely show that the defendant's claim was based upon a harmless error of description, and do not change the character of the action.

And the judgment does not undertake to reform the deed, but merely quiets the plaintiff's title.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.