JACOB H. PHILLIPS, APPELLANT, V. McKAIG & COMPANY ET AL., APPELLEES.

FILED MAY 2, 1893.   No. 4702.

1. **Vendor and Vendee:** JUDGMENTS: IMPERFECT INDEX AND DOCKET ENTRY: LIEN ON REAL ESTATE: CONSTRUCTIVE NOTICE. The party's true name was Mary Ann Allely, and she held her real estate by conveyance of record under the name of Mary A. Allely. *Held*, That a judgment against her, indexed and docketed in the office of the clerk of the district court, "McKaig & Co. v. May Alley," was not constructive notice to a purchaser of the real estate from Mary Ann Allely.

2. **Deeds:** IDENTITY OF NAMES: BONA FIDE PURCHASERS: DEFECTIVE INDEX OF JUDGMENT: CONSTRUCTIVE NOTICE. The indexes in the office of the register of deeds disclosed conveyances as follows: "——— to Mary A. Allely, deed; Mary A. Allely to Hooper, mortgage; Mary A. Allely to Vickars, mortgage." *Held*, That Vickars, by taking a deed of the real estate from Mary A. Allely, so described in body and acknowledgment of the deed, but signed Mary A. Alley, was not thereby charged with notice that a judgment indexed in the office of the clerk of the district court against May Alley was against Mary A. Allely.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*J. A. Marshall*, for appellant.

*H. J. Whitmore*, contra.

RAGAN, C.

This case was tried in the court below on an agreed statement of facts as follows:

"On the 24th day of September, 1887, a person whose correct name is Mary Ann Allely became seized in fee-simple of lot eight (8), in block one (1), in East Park addition to the city of Lincoln, located in Lancaster county, in the state of Nebraska. The deed conveying said lot to

said Mary Ann Allely described her by the name of Mary A. Allely.

"On the 4th day of January, 1888, the said Mary Ann Allely made, executed, and delivered a mortgage on said lot to C. L. Hooper, in which she signed the instrument as Mary A. Allely, and she is described in the body of the instrument and in the acknowledgment thereof as Mary A. Allely.

"On the 11th day of April, 1888, the said Mary Ann Allely executed and delivered a mortgage on said lot to Edwin L. Vickars, which she signed by the name of Mary A. Allely, and is by that name so described in the body of the instrument and in the acknowledgment thereof.

"On the 3d of August, 1888, the said Mary Ann Allely made, executed, and delivered to the said Edwin L. Vickars a warranty deed, conveying said lot to said Vickars, which deed she signed by the name of Mary A. Alley, but in the body of the instrument and in the acknowledgment of said deed she is described as Mary A. Allely.

"On the 11th of August, 1888, the said Edwin L. Vickars and wife, by warranty deed, duly conveyed said lot to Henry D. Pierson.

"On the 13th of December, 1888, the said Henry D. Pierson and wife, by warranty deed, duly conveyed said lot to the plaintiff, who hath ever since been and still is the owner and in possession of said lot.

"Neither the said Edwin L. Vickars, Henry D. Pierson, or this plaintiff ever had any knowledge of any judgment in favor of McKaig & Co. and against the said Mary Ann Allely, except such constructive notice as they were charged with by the judgment records and index of the clerk of the district court of Lancaster county, Nebraska, nor did either of them know that the said Mary Ann Allely ever signed her name May Alley, except such constructive notice as they may be charged with by the public records of Lancaster county, Nebraska.

"The said Mary Ann Allely, when she executed said instruments, was a woman between sixty and seventy years of age, her eyesight was poor, her hand trembled, and she wrote with difficulty, and was quite illiterate.

"On the ——— day of April, 1888, the defendants McKaig & Co. sued the said Mary Ann Allely by the name of May Alley on a note alleged to have been signed by her 'May Alley,' and on April 16, 1888, obtained a judgment against her by default for $46.64, and $2.75 costs, before S. T. Cochran, Esq., J. P., Lancaster county, Nebraska, of which judgment a transcript was duly filed in the office of the clerk of the district court of Lancaster county, Nebraska, on the 21st day of May, 1888, which judgment appears recorded and indexed only as a judgment against May Alley and in favor of McKaig & Co. in the records of the clerk of the district court of the said Lancaster county, Nebraska; and on the same page of the judgment index in said office of the clerk of the district court, and on the next line above appears a satisfied judgment in favor of Thomas Allely and against the said Mary Ann Allely by those names so described; but in this action she signed the petition for alimony as May A. Alley.

"On the ——— day of January, 1891, the defendants McKaig & Co., by their attorney, H. J. Whitmore, caused a writ of execution to issue out of the said district court of Lancaster county, Nebraska, upon said judgment in favor of McKaig & Co. and against said May Alley, and placed said writ in the hands of Sam McClay, sheriff of Lancaster county, Nebraska, and caused him to levy upon said lot eight (8), block one (1), East Park addition to Lincoln, and to proceed to sell the same to satisfy their said judgment and execution, as provided by law for the sale of real estate upon execution, and are now only restrained from so doing by the restraint of the court in this action, alleging and claiming their said judgment is a lien prior and adverse to any title of the plaintiff to the said real estate."

The court rendered a decree dissolving the temporary injunction and dismissing the appellant's cause of action, who brings the case here on appeal.

The questions then are:

1. What notice of a judgment against Mary Ann Allely did the indexing of the judgment in favor of McKaig & Co. against May Alley afford Vickars, the intending purchaser of this property?

We answer, none.

2. What notice did the records in the office of the register of deeds impart to Vickars, the intending purchaser of this property, that Mary Ann Allely was May Alley?

(a) ———— —— to Mary. A. Allely, a deed; (b) Mary A. Allely to Hooper, a mortgage; (c) Mary A. Allely to Edwin L. Vickars, a mortgage.

"The purport of the decisions appears to be that the sufficient degree of accuracy is attained if an intending purchaser, exercising a reasonable degree of care and a reasonable amount of intelligence in making a search, could not fail to be apprised of the existence and character of the judgment." (1 Black, Judgments, sec. 406.)

In *Metz v. State Bank of Brownville*, 7 Neb., 165, the present chief justice, speaking for the court, says: "The subsequent purchaser is affected with such notice as the index entries afford, and if they are of such a character as would induce a cautious and prudent man to make an examination of the title, he must make such investigation."

Applying the rule above laid down to the facts in this case, it appears to us that Vickars, *intending* to buy this property and examining the records, would find nothing of such a character as would arouse the suspicions of a cautious and prudent man that Mary Ann Allely and May Alley were the same person; and the fact that the deed by which she finally conveyed him the property was signed by her "Mary A. Alley," instead of Mary A. Allely or Mary Ann Allely, she being then between sixty and seventy

years of age, her eyesight poor, her hand trembling, writing with difficulty, and being quite illiterate, was not of itself sufficient to put Vickars upon further inquiry. It follows, therefore, that the decree of the district court must be reversed and this case remanded thereto, with instructions to enter a decree in favor of the appellant, as prayed for in his petition. It is so ordered.

REVERSED AND REMANDED.

THE other commissioners concur.