HICKS ET AL., APPELLANTS, *v.* RUPP ET AL., RESPONDENTS.

(No. 3,352.)

(Submitted March 19, 1914.  Decided March 28, 1914.)

[140 Pac. 97.]

*Cancellation of Instruments — Complaint — Insufficiency—Quieting Title—Construction of Pleadings.*

Complaint—Sufficiency—How Determined.
1.   A complaint will be sustained, as against attack on the ground of insufficiency to state a cause of action, if under the facts alleged plaintiff is entitled to relief from any point of view.

Cancellation of Instruments—Jurisdiction.
2.   Where the invalidity of an instrument which it is sought to have canceled because a cloud upon plaintiff's title, appears directly or constructively upon its face, a court of equity is, under sections 6115 and 6116, Revised Codes, without jurisdiction to interfere.

Same—Complaint—Contents.
3.   To invoke the jurisdiction of a court of equity in a suit looking to the cancellation of an instrument (a contract of sale of real property in the case at bar), it was necessary for plaintiff to allege that the instrument was of such a character that, if left outstanding, it would be a menace to his title, or probably imperil it.

Same—Complaint—Sufficiency.
4.   Complaint, though insufficient to invoke the equity power of the court to cancel an instrument said to cast a cloud upon plaintiff's title, *held* sufficient to state a cause of action at law to recover, as damages, the value of personal property delivered to defendants under a contract of sale of ranch property including said personalty, as well as of the use and occupation of the land during the period it was in their possession.

   [As to cancellation of instruments notwithstanding a defense at law, see note in 9 Am. St. Rep. 859.]

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by James H. Hicks and another against Albert Rupp and others.  From a judgment dismissing the action, and from an order denying a new trial, plaintiffs appeal.  Reversed and remanded.

*Messrs. Galen & Mettler*, for Appellants, submitted a brief; *Mr. Mettler* argued the cause orally.

*Mr. George A. Maywood* submitted a brief in behalf of Respondents, and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to have canceled a contract for the sale of real estate and personal property, and for damages. A demurrer interposed to the complaint having been overruled, issues were made up by answer thereto and reply. At the trial, however, when the plaintiffs offered evidence to sustain their allegations, the defendants objected to its introduction, on the ground that the complaint did not state a cause of action. The objection was sustained. Thereupon, after a formal offer of proof by plaintiffs which was rejected, the court dismissed the action, and ordered judgment for the defendants for costs. The plaintiffs have appealed from the judgment and an order denying their motion for a new trial.

The complaint alleges that on April 9, 1910, the plaintiffs and the defendants entered into a contract, by the terms of which the plaintiffs agreed to sell to the defendants, and defendants agreed to buy, a tract of land consisting of about 2,280 acres, together with a large amount of personal property thereon, situated in Lewis and Clark county, at a gross price of $30,000; that the plaintiffs were the owners of the property; that the defendants paid to the plaintiffs the sum of $5,000, and agreed to pay the balance of $25,000 on or before January 1, 1911; that the plaintiffs thereupon, and in accordance with the terms of the contract, delivered to the defendants all of said property, and that defendants took possession of it; that thereafter, on May 13, 1910, the defendants paid to plaintiffs the further sum of $5,000 to apply on the purchase price; and that there was then deposited in escrow by the plaintiffs a warranty deed, duly executed and acknowledged, to be delivered to defendants upon their payment of the full sum of $20,000 without interest, as stipulated in the contract. A memorandum signed by the parties, accompanying the escrow, stated the purpose of the deposit and the condition upon which the depositary should make a delivery to the defendants. It provided that, in case payment should not be made promptly on or before January 1,

1911, as stipulated in the contract, the escrow should be returned to the plaintiffs on demand within thirty days, at the expiration of which period the responsibility of the depositary should cease. It is alleged that on or about January 1, 1911, the defendants, without notice to plaintiffs, and without their knowledge or consent, abandoned possession of the land, and left it wholly unoccupied; that the land remained so unoccupied until on or about March 21, 1911, when the plaintiffs resumed possession, by reason of the termination of the rights of the defendants; that defendants wholly failed to make the payment of $20,000, though demand therefor was frequently made by plaintiffs; that, upon such demand, the defendants informed the plaintiffs that they renounced the contract and refused to recognize any liability thereunder; and that on the last-mentioned date the plaintiffs elected to rescind the contract, and, through their attorneys, gave defendants written notice of their election. The notice is set out in the complaint. After reciting generally the terms of the agreement, the possession and use by the defendants of the property, and their refusal to make the final payment of $20,000, it continues: ''We are therefore directed by Mr. and Mrs. Hicks to notify you, and we do hereby notify you, and each of you, that they do now rescind the contract for the sale of their ranch and property to you, for the reason that you have not paid in full the consideration therein agreed to be paid, and that the time for such payment has passed. The payment which you have made falls far short of compensating them for the actual market value of the personal property taken by you and converted to your own use, to say nothing of the damage to the ranch itself and for the use of the ranch, and for other damages caused to them by your failure to keep your contract.'' It is alleged that, when the defendants abandoned possession of the land, they removed therefrom all of the personal property included in the contract and converted it to their own use, having disposed of the greater portion of it to third persons. It is further alleged that the plaintiffs at all times were ready and willing to comply with

all the terms of the contract, and would have done so but for the conduct of the defendants, rendering their compliance impossible; and that they were thus compelled to elect to rescind the contract in order to protect their rights; and that the plaintiffs suffered damage by the conduct of the defendants in renouncing the contract to the amount of $23,532. This sum includes $14,000, the reasonable value of the personal property removed from the land when defendants abandoned it and converted to their own use, $3,600, the value of the use and occupation of the premises by the defendants during the time of their possession, and various other items claimed on grounds specifically alleged. It is further alleged that the contract of sale is a cloud upon plaintiffs' title. The prayer is that the contract be canceled; that plaintiffs have damages against the defendants in the sum of $23,532, less the payment of $10,000 made by the defendants at the time the contract was entered into; and that they be awarded the costs of the action. There is also a prayer for general relief.

So far as it is disclosed by the record, the theory upon which the trial court proceeded is indicated by the objection by counsel for the defendants to the introduction of evidence. The specific grounds thereof were: (1) That it appeared that the contract alleged, having been extinguished, no longer existed, and therefore that damages could not be recovered for a breach of it; and (2) that the damages alleged were not such as could be recovered for the breach of the contract under the provisions of the Codes. But it is not important to ascertain upon what theory the result was reached. That the action of the court in sustaining the objection was erroneous is clear. The question confronting the trial court was, and the one submitted to this court is, whether the complaint states facts sufficient to entitle the plaintiffs to any relief. The rule is well established in this jurisdiction, both by the statute and the numerous decisions [1] of this court, that, if upon the facts stated, from any point of view, the plaintiff is entitled to relief, the complaint will be sustained. (*Merk* v. *Bowery Min. Co.,* 31 Mont. 298, 78 Pac.

519; *Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49; *Raymond* v. *Blancgrass,* 36 Mont. 449, 15 L. R. A. (n. s.) 576, 93 Pac. 648; Rev. Codes, sec. 6713.)

We inquire first, then, whether the facts stated justify the equitable relief demanded. A suit to have canceled and declared void an instrument which constitutes a cloud upon the title of plaintiff is referable to the general jurisdiction which courts of equity exercise upon the principle of *quia timet.* (*Arnold* v. *Fraser,* 43 Mont. 540, 117 Pac. 1064; *Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487, 133 Pac. 700; Story's Equity Jurisprudence, 10th ed., sec. 701; 2 Pomeroy's Equitable Reme- [2]   dies, 685; 6 Cyc. 286.)   In the Revised Codes are found these sections:

"Sec. 6115. A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

"Sec. 6116. An instrument, the invalidity of which is apparent upon its face, or upon the face of another instrument which is necessary to the use of the former in evidence, is not to be deemed capable of causing injury within the provisons of the last section."

These provisions, taken together, clearly define the rule, with its limitations, under which the equitable jurisdiction of the court may be invoked. The instrument in question must be in writing and must be of such a character that, if left outstanding, it will menace with injury the person against whom it is void or voidable; hence, if its invalidity appears directly or constructively upon its face, the court may not interfere. [3]   Clearly, also, if it does not appear, either from the instrument itself or the statement of facts explaining its character, that, if left outstanding, it will or may result in injury, the court ought not to interfere. In other words, a case must be stated which falls within the rule. (*Castro* v. *Barry,* 79 Cal. 443, 21 Pac. 946; *Hibernia S. & L. Soc.* v. *Ordway,* 38 Cal.

679; 6 Cyc. 324.)   In *Hibernia S. & L. Soc.* v. *Ordway,* it was said: "In an action to remove a cloud there can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, ought to be stated.   To merely name the instrument, therefore, might not ordinarily be sufficient."   In order to invoke the jurisdiction, therefore, the complaint must disclose the facts necessary to show that, but for the interposition of the court, the plaintiff may suffer injury.

The complaint here fails to disclose that the contract is of such a character that, if it remains outstanding, it will be a menace to plaintiff's title or probably imperil it in any way.   Apart from the bare legal presumption that it is in writing (the complaint does not state so specifically), and is therefore sufficient to meet the requirements of the statute of frauds, (*Sweetland* v. *Barrett,* 4 Mont. 217, 1 Pac. 745; *Ryan* v. *Dunphy,* 4 Mont. 356, 47 Am. St. Rep. 355, 5 Pac. 324; *Christiansen* v. *Aldrich,* 30 Mont. 446, 76 Pac. 1007; 1 Moak's Van Santvoord's Pleading, 3d ed., 266, 674; 9 Ency. Pl. & Pr. 700), it does not appear that it is of record or that it was executed with the formalities entitling it to be put upon record.   Moreover, it is alleged that the defendants renounced it, repudiating all liability under it, and that the plaintiffs rescinded it, and resumed possession of the land.   While sufficient is alleged to excuse the plaintiffs from making a formal offer to refund the payments made (*Arnold* v. *Fraser, supra*) in the particular above pointed out, the complaint is wholly insufficient to invoke the equity power of the court.

In the second place, we inquire whether the facts stated are [4] sufficient to warrant other relief.   Stripped of the unnecessary allegations, we think the complaint states a cause of action at law, not for damages for a breach of the contract, but to recover, as damages, the value of the personal property retained by the defendants and the use and occupation of the land during the period it was in possession of the defendants. (Pomeroy's Equity Jurisprudence, sec. 110; *State* v. *Snyder,* 66

Tex. 687, 18 S. W. 106; 6 Cyc. 285.) Upon the repudiation of the contract by defendants and the rescission of it by the plaintiffs, the obligation at once arose upon the part of the former, without demand to restore to the latter the personal property received under the contract, and to render compensation for the use and occupation of the land, to say nothing of the other items claimed as additional damages. (Rev. Codes, secs. 5075, 5076.)

We are not concerned now with the question what the plaintiffs may be able to establish by the evidence. If they can show what they allege upon the plainest principles of justice, they will be entitled to a substantial verdict, after credit has been allowed to the defendants for the amounts paid by them.

The judgment and order are reversed, and the cause is remanded for trial on the merits.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.