HEAVILIN, APPELLANT, *v.* D. J. O'CONNOR ET AL., RE-
SPONDENTS.

(No. 4,504.)

(Submitted November 7, 1921.   Decided December 5, 1921.)

[202 Pac. 1115.]

*Quieting Title—Cancellation of Instruments—Cloud upon Title
—Complaint—Insufficiency.*

1. In an action to cancel instruments claimed to constitute clouds
upon the title to mining property, thus preventing plaintiff from
obtaining a bidder upon execution sale under a judgment in a me-
chanic's lien foreclosure proceeding, complaint *held* insufficient to
state a cause of action under sections 6115 and 6116, Revised
Codes (conceding, but not deciding, that the action could be main-
tained under those sections), for failure to allege the facts showing
the apparent validity of the instruments claimed to constitute
clouds as well as the facts showing their invalidity.

*Appeals from District Court, Granite County; Theo. Lentz,
Judge.*

ACTION against D. J. O'Connor, substituted for the Hender-
son Mining Company, and others, to remove clouds upon the
title to mining claims to enable him to obtain bidders on ex-
ecution sale under a judgment in a mechanic's lien foreclosure
proceeding. From a judgment for defendants and an order
denying a new trial, plaintiff appeals. Affirmed.

*Mr. S. P. Wilson* and *Mr. J. J. McDonald,* for Appellant,
submitted a brief.

As stated in the case of *Hicks* v. *Rupp,* 49 Mont. 40, the
test in an action of this kind is whether the instrument against
which relief is asked may apparently be valid, and, if left out-
standing, such as will constitute a menace or injury to the
person who complains of it, and against whom it is void or
voidable. Quoting from *Hibernia Sav. & Loan Soc.* v. *Ordway,*
38 Cal. 679, 681, this court says that the complaint must show
the apparent validity of the instrument and also additional

facts showing its invalidity, and must further show that but for the interposition of the court the plaintiff may suffer injury. Plaintiff's complaint conforms to the rule set forth in this case, and plainiff's testimony fully sustains the allegations of his complaint. The case of *Rosenbaum* v. *Foss,* 4 S. D. 184, 56 N. W. 114 is illustrative of the relief that will be granted under a statute identical with our section 6115. (See, also, *Castro* v. *Barry,* 79 Cal. 443, 21 Pac. 946; *Angus* v. *Craven,* 132 Cal. 691, 64 Pac. 1091; *Merk* v. *Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Stebbins* v. *Perry County,* 167 Ill. 567, 47 N. E. 1048; *Magnuson* v. *Clithero,* 101 Wis. 551, 77 N. W. 882; *Wiard* v. *Brown,* 59 Cal. 194.)

*Mr. Wingfield L. Brown, Mr. D. M. Durfee, Mr. R. Lewis Brown* and *Messrs. Maury & Melzner,* for Respondents, submitted a brief; *Mr. H. L. Maury* argued the cause orally.

At the trial it was suggested that in order for the plaintiff to recover, or in order for him to secure a judgment in his favor, he must succeed on the strength of his own title and not on the weakness of his adversaries. Assuming this to be the law, it is quite evident that the plaintiff in his complaint nowbere presumes to allege that he is the owner of either the legal or equitable title in controversy, and if he has no title he must be treated as a stranger to the suit, and the objection to the introduction of evidence should have been sustained.

Cases from our neighboring states, whose statutes are practically identical, have not seen fit to change a doctrine so well established and so soundly equitable. (*Hardinge* v. *Empire Zinc Co.,* 17 Ariz. 75, 148 Pac. 306; *Magneson* v. *Pacific Mfg. Co.,* 26 Cal. App. 52, 146 Pac. 69; *Washington State Sugar Co.* v. *Goodrich,* 27 Idaho, 26, 147 Pac. 1073; *Elwert* v. *Reid,* 70 Or. 318, 139 Pac. 918, 141 Pac. 540; *City of Spokane* v. *Security Sav. Soc.,* 82 Wash. 91, 143 Pac. 435; *Daly* v. *Lahontan Mines Co.,* 39 Nev. 14, 151 Pac. 514, 158 Pac. 285; *Holthoff* v. *Freudenthal,* 22 N. M. 377, 162 Pac. 173; *Sears* v. *Willard,* 165 Cal. 12, 130 Pac. 869; *Johnson* v. *Gibson,* 24 Colo. App. 392,

133 Pac. 1052; *Brown* v. *Bremerton,* 69 Wash. 474, 125 Pac. 785.)

A lien is not a title, and presuming for the moment that the plaintiff did have a lien upon the property in question, it is not an estate or interest in land sufficient, under a statute similar to ours, as would warrant an action to determine an adverse claim. (*Turrell* v. *Warren,* 25 Minn. 9.) All the plaintiff seems to own here is a sort of cloud that might be removed by the real owner of the ground, if they considered it of sufficient importance to embarrass them. (*Spar Consol. Min. Co.* v. *Casserleigh,* 34 Colo. 454, 83 Pac. 1058.)

MR. COMMISSIONER SPENCER prepared the opinion for the court.

This is an action by plaintiff for the cancellation of certain judgments, certificates of sale on execution, and deeds described in the complaint and claimed to constitute clouds upon the title to mining claims alleged to be owned by Henderson Mining Company. From a judgment for defendants and an order denying a new trial, plaintiff appeals.

As a basis for his action, plaintiff details in the complaint all proceedings had in a cause commenced in the district court of the third judicial district for Granite county, which resulted in the entry of a judgment in his favor and against Henderson Mining Company, a corporation, on June 30, 1916. By virtue of this judgment plaintiff asserts a lien upon what is known as "the Henderson Mine," which comprises four claims designated as "Queen," "Maud S.," "Sunol," and "Toe Calk" quartz lode mining claims. The plaintiff has then attempted to allege facts disclosing claims by the various defendants, constituting clouds upon the title of the Henderson Mining Company, which he alleges is the true owner of the property against which he seeks to enforce payment of his judgment lien, and contends that by reason of these alleged facts he is prevented from securing a bidder upon execution sale, and alleges that he is thereby in effect denied the right

of foreclosure under that lien. All defendants appeared, Horn, Brown, Chas. D. McClure, Clara E. McClure, W. R. McClure, and Chas. D. McClure, Jr., disclaiming any right, title, or interest whatsoever in the property involved, Henderson Mining Company answering that it has been dissolved as a corporation, all of its property sold, and generally denying the allegations of the complaint; and the defendant Scott and Pan Metallic Company setting up superior right and title to that claimed by the plaintiff. Superiority of defendant Scott's lien is conceded, and the only active defense is by Pan Metallic Company. Jury was waived by all parties, and trial had to the court, culminating in judgment for the defendants for their costs, the court holding that the complaint did not state facts sufficient to constitute a cause of action. Whether or not that ruling is correct is the only question necessary to a determination of these appeals.

Plaintiff invokes the provisions of sections 6115 and 6116, Revised Codes, in support of his right of action and method of procedure. These sections are:

"6115. A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

"6116. An instrument, the invalidity of which is apparent upon its face, or upon the face of another instrument which is necessary to the use of the former in evidence, is not to be deemed capable of causing injury within the provisions of the last section."

Conceding, without deciding, that plaintiff may maintain his [1] action under authority of the statutes just quoted, the correctness of the decision of the court below is patent upon the face of the complaint, because it alleges that the claim of Pan Metallic Company is based upon a deed from Clara E. and Chas. D. McClure, and that they had no title at the time the deed was executed (which is a mere conclusion of the

[61 Mont. 507.]

pleader), but fails to state whether the deed was dated or recorded prior or subsequent to the date of the judgment lien, and thereby fails to disclose some of the elements necessary to constitute the cloud. Approval of the principle that the facts showing the apparent validity of the instrument claimed to constitute the cloud, as well as the facts showing its invalidity, must be pleaded, is found in *Hicks* v. *Rupp*, 49 Mont. 40, 140 Pac. 97, and cases cited. Hence it follows that, unless the complaint discloses facts in accordance with this rule, there is a fatal omission in the pleading, and the plaintiff, having failed to comply with these requirements as to the Pan Metallic Company, has not stated a cause of action, and cannot prevail against it. Because of the absence of essential elements the complaint is insufficient as to the several defendants McClure, Horn and Brown, but by reason of their disclaimer of any right, title or interest in the property involved herein, the plaintiff is entitled to no affirmative relief against them, and further discussion of the pleading as to their asserted claims is unnecessary.

We find no error in the record, and therefore recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order are affirmed.

*Affirmed.*

Rehearing denied January 7, 1922.