POULOS, RESPONDENT, v. LYMAN BROTHERS CO., APPELLANT.

(No. 4,807.)

(Submitted May 25, 1922.  Decided June 19, 1922.)

[208 Pac. 598.]

*Real Property—Title — Removing Cloud — Cancellation of Instruments—Complaint—Insufficiency—Judgment Liens—Mistake in· Name of Debtor—Constructive Notice—Judgment on Pleadings—Admissions.*

Real Property—Removing Cloud from Title—Complaint—Insufficiency.
   1.  Complaint in an action to remove a cloud from the title to real property, *held* fatally defective for failure to state facts sufficient to disclose the apparent validity of the instrument attacked and its actual invalidity.

Motion for Judgment on Pleadings—Admissions.
   2.  A motion by plaintiff for judgment on the pleadings admits the truth of the allegations of the answer.

Real Property — Judgment Docket — Filing of Certified Transcript — Nature of Lien.
   3.  The effect of filing in a county other than that in· which a money judgment was rendered a certified transcript of the docket is to impress a lien upon all real property owned by the judgment debtor in the county of its filing, not exempt from execution, or acquired by him thereafter and prior to the expiration of the lien or the satisfaction of the judgment, the lien, however, not attaching to any specific piece of property.

63 Mont.—36

[63 Mont. 561.]

Same—Judgment Lien—Mistake in Name of Debtor—Constructive Notice.
4. The record of a money judgment against Mrs. C. J. E. cannot be held to have imparted constructive notice to a purchaser of real property from Anna E., the record title holder, that the property was impressed with a lien of the judgment, unless the purchaser had actual knowledge that Mrs. C. J. E. and Anna E. were the same person.

Judgment on Pleadings—When Improper.
5. Where the complaint is insufficient to state a cause of action it is error to grant plaintiff's motion for judgment on the pleadings, even though the answer does not controvert any of its material allegations and does not contain any new matter which tends to defeat his action.

*Appeal from District Court, Custer County; D. L. O'Hern, Judge.*

ACTION by Christ Poulos against the Lyman Bros. Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

*Messrs. Waldo & Cunningham,* for Appellant, submitted a brief; *Mr. Wm. B. Waldo* argued the cause orally.

Priorities under the recording Acts do not count for much as against a judgment lien. It was early held in Montana that the judgment attached only to the property owned by the judgment debtor and that a party holding an unrecorded conveyance could step in and take precedence over a judgment creditor. (*Vaughn* v. *Schmalsle,* 10 Mont. 186, 10 L. R. A. 411, 25 Pac. 102; see, also, *Rockefeller* v. *Dellinger,* 22 Mont. 418, 74 Am. St. Rep. 613, 56 Pac. 822; *Dawson* v. *McCarty,* 21 Wash. 314, 75 Am. St. Rep. 841, 57 Pac. 816.) From these decisions it appears that the question of actual ownership is the vital question in determining whether a judgment lien attaches to land, and there can be no doubt of the actual identity of Mrs. C. J. and Anna Ellerman, nor any question but that she was the owner of the real estate here involved.

---

4. Certainty and accuracy necessary as to Christian names or initials in record or index relied on as imparting constructive notice, see notes in 7 L. R. A. (n. s.) 415 and 25 L. R. A. (n. s.) 1211.

Effect of mistake in initial of name in legal proceedings, see notes in 15 Ann. Cas. 117; Ann. Cas. 1912B, 601.

"A rule which has found considerable favor as to the degree of certainty and accuracy necessary with respect to Christian names or initials, in order that the record or indices may be sufficient to impart constructive notice, holds the record to be ᴸufficient if it contains enough to lead the inquirer to the information designed to be imparted by it; and for this purpose the inquirer's extraneous knowledge, and every fact which inquiry suggested by the records would have led up to, are taken into consideration." (Note, 7 L. R. A. (n. s.) 415.)

Thus, in *Work* v. *Darby,* 13 Pa. Co. Ct. Rep. 269, one who received land as Jane T. sold it as Sarah Jane T. to one who knew that she was generally known as Jane T., and who executed to her a purchase-money mortgage. Judgment had previously been entered against her as Jane T., and it was held that the record of the judgment was notice to the purchaser, but not to a subsequent assignee of the mortgage who did not know that she was known by that name. And in *Jenny* v. *Zehnder,* 101 Pa. St. 296, a judgment indexed against F. Zehnter was held to be a sufficient notice of a lien on land standing in the name of John Jacob Frederick Zehnder, where the proof showed that he was generally known as Mr. Zehnder, and when called by his first name, which was very seldom, he was called Fred, and that he generally signed his name Frederick Zehnder or Fr. Zehnder, but that, in executing legal documents, he signed John Jacob Frederick Zehnder, or J. J. Zehnder, or simply Frederick Zehnder. The substitution of "t" for "d" in the surname was considered not to be a fatal error. So, in *Gillespie* v. *Rogers,* 146 Mass. 610, 16 N. E. 711, the record of a deed from J. M. H., in the name J. H., by which latter name he was as well known as by the former, was held to be sufficient constructive notice to a subsequent purchaser. This case is, however, founded in part on the Massachusetts doctrine that mistakes in the record fall on the purchaser, and it makes no difference if the constructive notice provided by law proves sufficient.

*Mr. Geo. W. Farr* and *Mr. H. E. Herrick,* for Respondent, submitted a brief.

Under the authority of the case of *McMillan* v. *Davenport,* 44 Mont. 23, Ann. Cas. 1912D, 984, 118 Pac. 756, we submit that no lien is created against property standing in the name of Anna Ellerman by the docketing of a judgment against Mrs. C. J. Ellerman, and a purchaser from Anna Ellerman is not charged with notice of the existence of any judgment lien. A clear exposition of the legal principles involved is presented in the case of *Turk* v. *Benson,* 30 N. D. 200, L. R. A. 1915D, 1211, 152 N. W. 354. (See, also, *Prouty* v. *Marshall,* 225 Pa. St. 570, 25 L. R. A. (n. s.) 1211, 74 Atl. 550.) In the case of *Bankers' Loan & Investment Co.* v. *Blair,* 99 Va. 606, 86 Am. St. Rep. 914, 39 S. E. 231, the record was held to be insufficient to impart constructive notice, where judgment against May M. Simmons was docketed and indexed in the name of Mrs. T. Frank Simmons. This case is very much like the one at bar.

In *Aultman Miller & Co.* v. *Ward,* 50 Neb. 442, 69 N. W. 935, the record of a judgment against J. T. Ward was held to be insufficient as entered against S. T. Ward. To the same effect as to chattel mortgage executed by J. W. Dixon entered in the name of A. W. Dixon. (*Johnson* v. *Wilson,* 137 Ala. 468, 97 Am. St. Rep. 52, 34 South. 392.) "A record of a general judgment against William M. is not constructive notice as to one against H. W. M., so as to render it a lien upon real estate after it has come into the possession of a remote grantee who purchased for value without notice, further than that furnished by the record that H. W. M. and William M. were one and the same person. (*Johnson* v. *Hess,* 126 Ind. 298, 9 L. R. A. 471, 25 N. E. 445.) Nor is the docketing of a judgment against Edward Davis constructive notice that there is an encumbrance against either E. A. Davis or Edward Davis, and does not affect the rights of a person who had no notice of the actual identity of Edward Davis, the judgment debtor.

(*Davis* v. *Steeps*, 87 Wis. 472, 41 Am. St. Rep. 51, 23 L. R. A. 818, 58 N. W. 769.)

In *Phillips* v. *McKaig*, 36 Neb. 853, 55 N. W. 259, it is held that land conveyed to Mary Allely is not, as against subsequent purchasers, bound by a judgment recorded as against May Alley.

In *Grundies* v. *Reid*, 107 Ill. 304, it was held that the law protected the purchaser of property by the title which appeared of record, unless there was notice of something to the contrary. Therefore, one who made a mortgage in reliance on the record title was protected against a prior judgment against the owner by another name, although he was as well known by the latter as by the former.

In *First Nat. Bank of Opp* v. *Hacoda Mercantile Co.*, 169 Ala. 476, Ann. Cas. 1912B, 599, 32 L. R. A. (n. s.) 243, 53 South. 802, it was held that the recording of a chattel mortgage signed ''W. H.'' McDonald did not constitute constructive notice to a subsequent purchaser in good faith that the instrument was executed by one whose name was William H. McDonald, and whose regular way of signing his name was ''W. N.'' McDonald.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action discloses that on January 29, 1918, plaintiff purchased lot 4, block 97, original town site of Miles City, Custer county, from G. J. Lucas and wife and received a warranty deed which was duly recorded; that Lucas acquired title to the lot from Anna Ellerman by warranty deed dated November, 1917, which deed was duly recorded; that Lyman Bros. Company, defendant herein, had theretofore recovered a money judgment against Mrs. C. J. Ellerman in the district court of Yellowstone county and caused execution to be issued and placed in the hands of the sheriff of Custer county, who levied upon and sold lot 4 on February 3, 1919, and executed and delivered his certificate of sale to Ly-

man Bros. Company, the purchaser, and filed for record with the county clerk and recorder of Custer county a duplicate thereof. It is then alleged that the sale and all proceedings thereunder are null and void; that the certificate of sale does not convey any right or title in the property to defendant, but does cast a cloud upon plaintiff's title. The complaint concludes with a prayer that the certificate be canceled, and that plaintiff be decreed to be the owner of lot 4, free from any lien on account of the judgment against Mrs. C. J. Ellerman or the levy or sale by the sheriff. To this complaint a general demurrer was interposed and overruled, and defendant then answered. It is admitted that plaintiff acquired title to the property in the manner set forth in the complaint; that defendant recovered the judgment against Mrs. C. J. Ellerman and caused execution to be issued and lot 4 to be sold. It is then alleged that the judgment was duly docketed in the office of the clerk of the district court of Yellowstone county, and that on February 3, 1916, a certified copy of the original docket was filed with the clerk of the district court of Custer county; that Mrs. C. J. Ellerman and Anna Ellerman are the same person; that there was not any other family by the name of Ellerman living in Miles City; that Anna Ellerman was known by the name Mrs. C. J. Ellerman; and that reasonable inquiry by plaintiff or his predecessor would have disclosed that Anna Ellerman is Mrs. C. J. Ellerman, the judgment debtor.

Upon plaintiff's motion the court granted judgment on these pleadings, and defendant appealed.

This action is prosecuted under section 8733, Revised Codes [1] of 1921, which reads as follows: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

An identical statute has been in force in California for many years and was construed by the California court before

it was adopted by this state. An action brought under this statute is in common parlance designated an action to remove a cloud from the title to real property. It is directed to a particular instrument which is dangerous to plaintiff's rights, and the object of the action is to have the instrument canceled and the cloud cast by it removed.

In order to constitute a cloud, the instrument must be one which, if valid, would affect or impair the title of the owner of a particular estate and which apparently and on its face has that effect, but which can be shown by extrinsic evidence to be invalid or inapplicable to the estate in question. (7 Cyc. 255.) If the instrument is void on its face or on the face of another instrument which is necessary to the use of the former in evidence, it is incapable of causing injury and does not cast a cloud. (Sec. 8734, Rev. Codes 1921.)

This appeal presents the question: Does the complaint state facts sufficient to constitute a cause of action? In the early case of *Hibernia Sav. & Loan Soc.* v. *Ordway,* 38 Cal. 679, it was said: "In an action to remove a cloud there can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, ought to be stated." That statement was adopted as the correct rule of pleading by the same court in *Castro* v. *Barry,* 79 Cal. 443, 21 Pac. 946, and as containing the indispensable ingredients of a sufficient complaint, by this court in *Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97, and in *Heavilin* v. *O'Connor,* 61 Mont. 507, 202 Pac. 1115, and was approved by the supreme court of the United States in *Hopkins* v. *Walker,* 244 U. S. 486, 61 L. Ed. 1270, 37 Sup. Ct. Rep. 711. It must now be deemed settled that, in order to state a cause of action for the removal of a cloud, the complaint must state facts sufficient to disclose the apparent validity of the instrument attacked and its actual invalidity.

The motion for judgment on the pleadings admits the truth [2, 3] of the allegations contained in the answer (*Daily* v. *Marshall,* 47 Mont. 377, 133 Pac. 681) that Mrs. C. J. Eller-

man and Anna Ellerman are the same person, and that a certified transcript of the original judgment docket from Yellowstone county was filed with the clerk of the district court of Custer county. The effect of filing this transcript was to impress a lien upon all real property in Custer county owned by the judgment debtor, not exempt from execution, or acquired by her thereafter and prior to the expiration of the lien or the satisfaction of the judgment. (Sec. 9413, Rev. Codes 1921.)

The judgment lien is imposed by statute, but it is general in its character, that is to say, it attaches to all real estate owned by the judgment debtor, not exempt, but it does not attach to any specific piece of property (*Vaughn* v. *Schmalsle,* 10 Mont. 186, 10 L. R. A. 411, 25 Pac. 102; *Rockefeller* v. *Dellinger,* 22 Mont. 418, 74 Am. St. Rep. 613, 56 Pac. 822), and therefore it does not afford any data from which a searcher of the records may determine that a particular piece of property standing of record in the name of a person is impressed with the lien of a judgment recovered against the same person, but by a different name. While the law imposes the lien, it is the record—the original judgment docket or the duly filed certified copy thereof, as the case may be—which imparts constructive notice of the existence of the lien to prospective purchasers. (*McMillan* v. *Davenport,* 44 Mont. 23, Ann. Cas. 1912D, 894, 118 Pac. 756.)

Clearly enough the record of a money judgment against Mrs. C. J. Ellerman would not impart notice to an intending purchaser from Anna Ellerman, the record title holder, that the property is impressed with a lien of the judgment (*Davis* v. *Steeps,* 87 Wis. 472, 41 Am. St. Rep. 51, 23 L. R. A. 818, 58 N. W. 769; *Crouse* v. *Murphy,* 140 Pa. 335, 23 Am. St. Rep. 232, 12 L. R. A. 58, 21 Atl. 358; *Bankers' L. & I. Co.* v. *Blair,* 99 Va. 606, 86 Am. St. Rep. 914, 39 S. E. 231; *Grundies* v. *Reid,* 107 Ill. 304; *Phillips* v. *McKaig,* 36 Neb. 853, 55 N. W. 259; *Haring* v. *Murphy,* 60 Misc. Rep. 374, 113 N. Y. Supp. 452; *Johnson* v. *Wilson,* 137 Ala. 468, 97 Am. St. Rep. 52, 34 South. 392), but such purchaser would be bound by actual

knowledge that Mrs. C. J. Ellerman and Anna Ellerman are the same person.

The complaint herein fails to disclose in whose name lot 4 stood of record at the time Lucas purchased the property. If it stood in the name of Mrs. C. J. Ellerman, then the record imparted constructive notice to all subsequent purchasers of the existence of the lien. If .it stood in the name of Anna Ellerman, and Anna Ellerman is but another name for the judgment debtor, then the question arises: Did the purchaser have actual knowledge of that fact or of facts sufficient to put a reasonable person on inquiry?

In order to disclose the apparent validity of the certificate, [4] it would seem to be necessary for plaintiff to allege that Anna Ellerman was the owner of lot 4 at the time the certified transcript of the original judgment docket was filed with the clerk of the district court of Custer county or thereafter until she sold to Lucas, and that she was in fact the judgment debtor, but by a different name. To disclose the invadility of the certificate so far as plaintiff's title is concerned, it was necessary for plaintiff to allege that at the time he purchased, he did not have actual knowledge that Mrs. C. J. Ellerman and Anna Ellerman are the same person or knowledge of such facts as would put a reasonably prudent person on inquiry.

The complaint fails to state facts sufficient to disclose either the apparent validity of the certificate or its actual invalidity or rather inapplicability to the estate claimed by plaintiff, and is fatally defective.

There is not any merit, however, in the contention advanced by defendant that by reasonable inquiry *dehors* the record plaintiff might have ascertained that Mrs. C. J. Ellerman and Anna Ellerman are the same person. As indicated by this court in *McMillan* v. *Davenport,* above, the purpose of requiring a proper record of the judgment is to impart notice that all real estate of the judgment debtor, not exempt, is encumbered by a lien, and it is the general rule that the searcher of the record may rely upon it as it is made, in the absence of

actual knowledge or notice to the contrary or knowledge of facts sufficient to put a reasonable person on inquiry. (*Prouty v. Marshall*, 225 Pa. 570, 25 L. R. A. (n. s.) 1211, 74 Atl. 550; 23 R. C. L. 197.) If this were not so, no one would ever be safe in purchasing real property or in loaning money upon it as security.

In *Montana Min. Co.* v. *St. Louis M. & M. Co.*, 23 Mont. 311, [5] 58 Pac. 870, this court announced the rule which governs in granting judgment on the pleadings as follows: "Judgment on the pleadings is proper where the complaint is sufficient, and none of its material allegations are denied, and no affirm-, ative matter alleged to defeat the action."

Granting that the answer in this instance does not controvert any material allegation of the complaint and does not contain any new matter which tends to defeat plaintiff's action, still the court erred in granting the motion in the absence of a sufficient complaint.

The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.

MR. JUSTICE FARR, being disqualified, takes no part in the foregoing decision.