SLETTE, RESPONDENT, *v.* REVIEW PUBLISHING CO., APPELLANT.

(No. 5,539.)

(Submitted September 22, 1924. Decided November 17, 1924.)

[230 Pac. 580.]

*Real Property—Quieting Title—Complaint—Sufficiency.*

Quieting Title—Complaint—Sufficiency.
1. In an action to quiet title under section 9479, Revised Codes of 1921, as distinguished from one brought under section 8733 to remove a cloud on title, the complaint alleging that the defendant claims an adverse estate or interest is sufficient without further defining it, whereas under the latter section the pleader must state facts disclosing the apparent validity of the instrument attacked and its actual invalidity.

Same—Nature of Action.
2. An action to quiet title is not aimed at particular instruments but at the pretensions of individuals claiming adversely, while a suit to remove a cloud on title is directed at instruments rather than at adverse claims and preserves in statutory form one of the remedies afforded by courts of equity upon the principle of *quia timet.*

[71 Mont. 518.]

Same—What Sufficient to Warrant Decree.
    3. In an action to quiet title it is not necessary to determine whether an outstanding instrument (sheriff's deed) constitutes a cloud upon plaintiff's title, it being sufficient to warrant a decree quieting title if it appears that a claim is made adversely to the title of the true owner.

*Appeal from District Court, Roosevelt County; C. E. Comer, Judge.*

Action by Ellen Josephine Slette against the Review Publishing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. George E. Ericson,* for Appellant.

*Messrs. Moum & Morford,* for Respondent.

MR. JUSTICE RANKIN delivered the opinion of the court.

This is an action to quiet title. The complaint alleges that plaintiff is the owner of lots 4 and 5, block 16, of the original town site of Culbertson, Montana, and that the defendant corporation, without right, claims some estate or interest therein. The prayer is that defendant be required to set forth the nature of its claim; that it be determined to be without right; and that defendant be enjoined from asserting any claim to the premises.

The answer sets forth that the defendant is the owner of the lots and has been since the month of May, 1919, and that the plaintiff has no right or title to, equity or interest in, them. As an additional defense the defendant sets up a certain judgment obtained by it against K. O. Slette, I. O. Slette and Clara B. Slette on March 12, 1918, in an action entitled *"Review Publishing Company, a Corporation, Plaintiff, v. K. O. Slette, I. O. Slette, and Clara E. Slette, Defendants,"* and alleges that at the time the judgment was entered I. O. Slette, the husband of plaintiff, was the owner of the lots, and that thereafter the sheriff, by virtue of an execution based upon

that judgment, sold them at public sale to the defendant; that they were not redeemed, and defendant received a sheriff's deed under which it claims to be the owner in fee.

The answer further alleges that plaintiff's husband transferred the lots to her without consideration and for the purpose of defrauding his creditors. The prayer of the answer asks that the conveyance by I. O. Slette be set aside and declared void as against the defendant; that the defendant be adjudged to be the true owner; and that the plaintiff be perpetually enjoined from asserting any claim to the premises.

Plaintiff's reply admits the judgment, but denies that at the time it was docketed plaintiff's husband owned the property in controversy, and admits the execution of the sheriff's deed and the conveyance by her husband to her, but puts in issue the remaining affirmative allegations.

The action was tried to the court without a jury. The plaintiff testified that she was then the owner of the lots and had been since July 2, 1915. A warranty deed was admitted in evidence showing a transfer of the premises to plaintiff from her husband. This deed was recorded on September 1, 1915, three years prior to the institution of defendant's action against I. O. Slette *et al.*, by virtue of which the sheriff's deed was obtained, and also prior to the existence of the obligation upon which it was predicated. The defendant, upon cross-examination of plaintiff, introduced the sheriff's certificate of sale and the deed conveying the lots to defendant at a time subsequent to the transfer of the property to plaintiff by her husband and prior to the commencement of this action to quiet title. This certificate was recorded April 23, 1918, and the sheriff's deed placed on record May 17, 1919. Thereupon the plaintiff rested and the defendant moved for a dismissal of the action upon the ground that the plaintiff had not shown the existence of a cloud upon her title. The motion was overruled. The defendant then rested without offering evidence, and the court entered a judgment quieting title in favor of the

plaintiff and against the defendant. From this judgment defendant has appealed.

Appellant attacks the sufficiency of the complaint because it fails to state facts sufficient to disclose the apparent validity and actual invalidity of any instrument constituting a cloud upon her title, and insists that the decision in *Poulos* v. *Lyman Bros.,* 63 Mont. 561, 208 Pac. 598, is conclusive of the case before us. The action in that case was brought under section 8733, Revised Codes of 1921, which reads: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

It is true that in order to state a cause of action to remove [1, 2] a cloud under this section "the complaint must state facts sufficient to disclose the apparent validity of the instrument attacked and its actual invalidity." (*Poulos* v. *Lyman Bros., supra.*) This action, however, was brought under section 9479, Revised Codes of 1921, which provides: "An action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons, both known and unknown, who claim or may claim any right, title, estate, or interest therein, or lien or encumbrance thereon, adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto, whether such claim or possible claim be present or contingent, * * * for the purpose of determining such claim or possible claim, and quieting the title to said real estate."

Proceedings under this section are not aimed at a particular instrument, but at the pretensions of individuals claiming adversely. As was said by the supreme court of California in *Castro* v. *Barry*, 79 Cal. 443, 21 Pac. 946, in construing a statute from which our section 9479 was copied: "The statute 'does not confine the remedy to the case of an adverse claim-

ant setting up a legal title or even an equitable one; but the Act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension.' [*Head* v. *Fordyce,* 17 Cal. 151.] * * * And the rule may be even more broadly stated, *viz.,* that the action may be maintained by the owner of property to determine any adverse claim whatever. For if the defendant by his answer disclaims all interest whatever, judgment may, nevertheless, be entered against him, though in such case it must be without costs."

The distinction must not be overlooked between an action under section 9479, which has been denominated an action to "quiet title," and one under section 8733, which has been referred to as an action to "remove a cloud on title." The former is a statutory action to determine adverse claims. It exists in many of the states where it is the ordinary mode of trying suits involving disputed titles. As stated in Pomeroy's Equitable Remedies, section 735: "The statutory action to determine an adverse claim is an improvement upon the old bill of peace. The statute enlarges the class of cases in which equitable relief could formerly be sought in the quieting of title." The latter, a suit to remove a cloud, is directed at instruments rather than at adverse claims asserted by individuals, and preserves in statutory form one of the remedies afforded by courts of equity upon the principle of *quia timet.* (2 Story's Equity Jurisprudence, 14th ed., sec. 935; *Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97; *Hopkins* v. *Walker,* 244 U. S. 486, 61 L. Ed. 1270, 37 Sup. Ct. Rep. 711.)

. In an action to quiet title it is enough to aver in general terms the title of the plaintiff, and, in equally general language, that the defendant asserts some title adverse to him. (*Merk* v. *Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Pollock M. & M. Co.* v. *Davenport,* 31 Mont. 452, 78 Pac. 768.) We think the correct rule of pleading is concisely stated by Mr.

Justice Gray, in *Ely* v. *New Mexico & A. R. Co.,* 129 U. S. 291, 32 L. Ed. 688, 9 Sup. Ct. Rep. 293 [see, also, Rose's U. S. Notes], wherein it is said: ''An allegation, in ordinary and concise terms, of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it.'' The complaint satisfies the requirements of the foregoing rule and is not subject to any of the attacks made upon it.

Counsel for defendant insists that the sheriff's deed created [3] no cloud upon the plaintiff's title because none of the judgment debtors had any interest in the lots in question at the time the judgment was docketed, and hence plaintiff is not entitled to the relief prayed. Inasmuch as this is a suit to quiet title, it is not necessary to determine whether the deed constitutes a cloud upon title within the meaning of section 8733. Whether the instrument, if left outstanding, will or may result in injury, is immaterial; it being sufficient to warrant a decree quieting title that a claim is made adversely to the title of the true owner. (*Castro* v. *Barry, supra.*)

We find no error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, takes no part in the foregoing decision.