## THE CITY AND COUNTY OF SAN FRANCISCO v. LAWTON et al.

WHERE some of the parties, defendants in an action to foreclose a mortgage, claim the property adversely to the mortgagor under paramount title, the decree should reserve their rights, not simply by a declaration that their rights are reserved, but by so limiting the relief awarded as to protect them.

Where defendants thus claiming adversely are in possession, a decree directing upon the sale (redemption not being made) a conveyance of the fee and a

delivery of possession to the purchaser, and conferring upon him, until redemption made, the right to recover the rents, issues, and profits of the land, is erroneous. In such case the decree must be limited to a sale of the rights and interests which the mortgagor possessed at the date of his mortgage, leaving the purchaser to assert his right to the possession, after receiving his conveyance, by the ordinary action of ejectment.

APPEAL from the Fourth Judicial District.

This is a suit to foreclose a mortgage. It was before this Court on a former appeal, at the July Term, 1861. The case is reported in 18 Cal. 465, to which reference is made for a statement of the issues raised by the pleadings. By the decision there made, the cause was remanded for a new trial, with a direction that, in any decree which might be entered for the plaintiff, all rights of the defendants in the mortgaged property, claimed under a title independent of that of the mortgagor, should be saved.

On the new trial, all the former testimony was admitted by stipulation, and defendants, who were in possession, introduced some additional proof, showing title in them to a portion of the premises under a patent from the United States, to which the mortgagor was a stranger.

The decree of the Court was as follows:

" It is, therefore, ordered, adjudged, and decreed, that all and singular the mortgaged premises mentioned and described in the complaint in this cause, to wit: [description of several tracts by metes and bounds, including lot on corner of Battery and Vallejo streets] or so much thereof as may be sufficient to raise the amount of $58,700, the amount due to the plaintiff, for principal and interest and costs in the suit, and expenses of sale, together with counsel fees at the rate of five per cent. on the amount aforesaid, be sold separately, [if such sale can be made] without material injury to the parties interested, at public auction, by or under the direction of the Sheriff of the county of San Francisco; that said sale be made in said county; that said Sheriff give public notice of the time and place of such sale, according to the course and practice of the Court and the law relative to sales of real estate under execution; and that the plaintiff, or any of the parties to this suit, may become the purchaser at such sale; and that the said Sheriff, after the time allowed by law for redemption has expired, execute

San Francisco *v.* Lawton.

and deliver to the purchaser or purchasers of the mortgaged premises a good and sufficient deed or deeds *for the land in fee simple.*

"And it is further ordered, adjudged, and decreed, that the Sheriff pay to the plaintiff, or his attorney, out of the proceeds of the sale of said mortgaged premises, his costs in this suit, taxed at one hundred and fourteen dollars and seventy-five cents, said counsel fees at the rate of five per cent. on the amount reported to be due plaintiff, together with the said sum of $58,700, with interest thereon at the rate of two per cent. per month from the date of this decree, or so much thereof as the said proceeds of sale will pay of the same, and that the said Sheriff take a receipt for the amount so paid, and return the same to this Court with his report, and bring the surplus money arising from said sale, if any there be, into Court, within five days after such surplus shall have been received, to abide the further order of this Court.

"And it is further ordered, adjudged, and decreed, that the defendants, and all persons claiming or to claim from or under them, and all persons having liens subsequent to said mortgage by judgment or decree upon the lots of land described in said mortgage, and his or their personal representatives, and all persons having any lien or claim by or under said subsequent judgment or decree, and their heirs or personal representatives, and all persons claiming under them, be forever barred and foreclosed of and from all equity of redemption and claim of, in, and to said mortgaged premises, and every part and parcel thereof, from and after the delivery of said Sheriff's deed.

"And it is further ordered, adjudged, and decreed, *that the purchaser or purchasers of said mortgaged premises, from the time of such sale until redemption, or if there be no redemption until the execution and delivery of the Sheriff's deed, and the redemptioner, from the time of his redemption until another redemption, shall be entitled to recover from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof.*

"And it is further ordered, adjudged, and decreed, *that the purchaser or purchasers of said mortgaged premises at such sale be let into the possession thereof, and that any of the parties to this cause who may be in possession of said mortgaged premises, or any part thereof, and any person who since the commencement of this suit*

has come into possession under them, or either of them, deliver possession thereof to such purchaser or purchasers, on production of the *Sheriff's* deed for such premises.

"And it is further ordered, adjudged, and decreed, that all the rights which the defendants, Volney E. Howard, Duncan W. Perley, Edmond L. Gould, and Austin E. Smith, have acquired or now have, under the patent from the United States and tax deed, in and to the lot of land situated on the south-west corner of Battery and Vallejo streets, and first described in said mortgage, *are hereby reserved and saved to them and each of them.*"

Defendants moved for a new trial, which was refused, and from this order and from the decree they appeal.

*D. W. Perley,* for Appellants.

The decree does not conform to the directions of this Court on the former appeal. (See decision, 18 Cal. 465.) By the decree, the land itself is to be sold; the Sheriff is to execute a deed in fee simple; the purchaser is to be entitled to the rents and profits of the property; and, finally, the defendants are to be turned out of possession.

If all this is to be done, how are defendants' rights under the patent saved? It was not the intention of this Court that a miserable and vague provision should be incorporated in the decree, merely declaring that all the rights of defendants under the patent should be protected; but it was the intention of the Court that in the substance and body of the decree those rights should be protected; that the Sheriff should not be allowed to sell anything but the right and title of Mowry, the mortgagor; that he should execute a deed simply for that right and title; and that the defendants should not in any manner be disturbed, either in their possession of the property or in the enjoyment of the rents and profits of it.

This would have been efficient and substantial protection. But as the decree stands it is as full and as ample to divest the defendants of all right and title in the property as if the patent of the United States did not exist.

Suppose this decree is carried out, what would be the result? Prior to redemption the defendants must give up the rents and profits of the property, and at the end of six months after sale

San Francisco *v.* Lawton.

they are turned out of possession. What remedy have they then? Can they bring an action of ejectment against the purchaser to recover back possession of the property? By the ruling of this Court they could not successfully maintain such an action, for the very decree under which they were turned out of possession would operate as *res adjudicata* against them.    (14 Cal. 634.)

*John McHenry*, for Respondent.

The decree is proper, and conforms to the direction of this Court on the previous appeal. In the decision on that appeal this Court, after stating that the defendants set up in their answer a title by patent and tax deed to a portion of the mortgaged premises, says: " Of the value of the titles conferred by those instruments it is unnecessary to express any opinion. Their validity is not the proper subject of determination in the present suit. It is only necessary to look into them so far as to see that they are asserted in good faith, and are not merely pretenses for delay, and this being seen, the rights of the defendants, Howard and Perley, should have been reserved in the decree. If there were no other reason than the assertion of these adverse titles for making them parties, the suit should have been dismissed as to them. But there were other reasons." And the Court, after stating how the appellants deraigned title as there shown by the record before it from Mowry, adds: " The appellants thus succeeded to whatever estate the mortgagor possessed, and as such successors were proper and necessary parties to the foreclosure." And in another part the Court held that: " Whatever estate, if any, they (the appellants) have acquired from him is as much subject to the mortgage as it was previous to his conveyance to Sawyer. So far as they claim under him (Mowry) they are estopped equally with him from denying the efficacy of the mortgage." And the Court, in conclusion, held that the appellants were entitled to the insertion of a clause in the decree saving their rights under the patent and tax deed, and for the omission in that particular the former decree was reversed.

It is clearly manifest by the above extracts that the decree now under consideration is not contrary to, but conforms to all the principles laid down by the Court in its former opinion. It subjects to

San Francisco *v.* Lawton.

sale all the estate which the appellants derived from the mortgagor. The title of the appellants under the patent and tax deed is not determined, or in any way passed upon, but all the rights of the appellants under said patent and tax deed are reserved and saved to them, and each of them.

This Court held that if the former decree had contained a clause saving to the appellants their rights under the patent and tax deed, it would have been sufficient; that for the " omission " in that particular the decree must be reversed. Now, if that decree would have been good by the insertion of the clause referred to, how can the counsel contend that the full and ample saving and protecting clause in this decree does not protect the rights of the appellants under the patent and tax deed ?

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

Upon the foreclosure of the mortgage in this case the plaintiffs were entitled to a decree for the sale of all the rights and interests of the mortgagor. But inasmuch as some of the defendants, so far as the property situated on the corner of Battery and Vallejo streets is concerned, claim adversely to the mortgagor under paramount title from the Mexican Government, confirmed by a patent of the United States, the decree should have reserved their rights. Such was the purport of the previous decision in this case. The decree entered, however, goes beyond the decision, and practically nullifies and defeats it. It directs upon the sale, redemption not being made, a conveyance of the fee and a delivery of possession of the premises thus held adversely to the purchaser, and confers upon him until redemption made the right to recover the rents, issues, and profits of the land. The decree is in this respect palpably erroneous, and must be reversed. As the parties claiming adversely by paramount title are in possession, the decree must be limited to a sale of the rights and interests which the mortgagor possessed at the date of his mortgage, and the purchaser must, after receiving a conveyance, assert his right to the possession by the ordinary action of ejectment.

Judgment reversed and cause remanded for further proceedings.

On a petition for rehearing the judgment of the Court was modified so as to direct with a reversal of the judgment of the Court below, the entry of a judgment by that Court pursuant to the views expressed in the opinion.