THE HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, *v.* ROBERT ORDWAY, GEORGE ANDERSON, and Others, Appellants.

APPEAL—RIGHT OF.—Parties have no right to appeal from judgments which do not affect their rights.

MISJOINDER OF CAUSES OF ACTION, AND OF PARTIES.—In an action to foreclose a mortgage, can the titles held by parties claiming under the mortgagor, obtained prior to the date of the mortgage, be litigated? *Quere?*

IDEM.—Unless the objection of a misjoinder of parties or causes of action is taken by demurrer, it is considered waived.

IDEM.—And if a demurrer on these grounds has been interposed, but not prosecuted, and be overruled by the Court below, because it was not prosecuted, the objection will be held to be waived.

COMPLAINT TO REMOVE A CLOUD UPON TITLE.—In an action to remove a cloud upon title, the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, should be stated in the complaint.

IDEM.—But when the instrument which constitutes the cloud is a tax deed, which, under the statutes of this State, is declared to be *prima facie* evidence of title, the name of the instrument is sufficient for the purpose of showing an apparent validity.

COMPLAINT—SUFFICIENCY OF.—The Court will not reverse a judgment on the ground that the complaint does not state the facts quite so fully as it ought. If no demurrer has been interposed, there must appear to be an entire want of material facts to justify the disturbing of the judgment.

COURT OF EQUITY.—PRACTICE OF IN SETTING ASIDE A TAX DEED.—When the tax is valid, but the sale irregular, equity will not cancel the tax deed at the suit of the owner of the land, without a tender of the taxes to the purchaser.

IDEM.—But where the purchaser of the tax title has made the purchase by collusion with the owner, with the view of defrauding a mortgage creditor of the owner, a tender of the amount of the taxes is not necessary.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts are stated in the opinion.

*J. M. Seawell,* for Appellants.

*B. S. Brooks,* for Respondent.

SANDERSON, J., delivered the opinion of the Court:

This is an action to foreclose two mortgages and to remove an alleged cloud upon the title to the mortgaged premises, which cloud is alleged to have been created by the joint fraudulent and collusive action of the mortgagors and their co-defendant, Anderson, for the purpose of defrauding the plaintiff of its lien. The cloud consists of a judgment in an action of ejectment, founded upon a tax deed, by Anderson, against the mortgagors, by which he recovered of them the possession of the mortgaged premises. The action of ejectment was brought after the execution of the mortgages, but was founded upon a tax sale and deed, alleged to be null and void, which tax sale took place prior to the execution of the mortgages, although the deed was not made until afterwards.

The mortgagors made default. Anderson appeared and denied the averments of the complaint in relation to the ejectment and the invalidity of the tax sale and deed, and claimed that the title to the mortgaged premises had come to him, through the tax deed, unencumbered by the plaintiff's mortgages. The Court below found these issues against Anderson, who, having first moved for a new trial without success, has brought the case here. The appeal is from the judgment and the order denying a new trial.

Two principal points are made:

*First*—That the Court erred in allowing the judgment to draw interest at the rate of two per cent. per month, instead of only seven per cent. per annum, as provided by the statute in relation to interest then in force. The point is well taken, but the question is one in which Anderson has no possible interest, and he is not, therefore, prejudiced by the error. There is no personal judgment against him, and if the land is his, it is his unencumbered by the plaintiff's judgment, for his title antedates the plaintiff's mortgages.

*Second*—That the plaintiff was entitled to no relief in respect to the alleged cloud.

(*a.*) In support of this point, it is argued that titles held by parties claiming under the mortgagors, which titles were obtained prior to the date of the mortgage, cannot be litigated in an action to foreclose the mortgage, but must be tried in a different action, because they generally give rise to questions of purely legal cognizance, and in support of the argument, the case of *San Francisco* v. *Lawton* (18 Cal. 465 —21 Cal. 589), is cited. Without considering whether. that case is in point or not, we are of the opinion that the question, so far as it rests upon this reasoning, has not been made in the proper mode. The reasoning goes to the point that there has been a misjoinder of causes of action and of parties. Both of these are objections which the statute declares shall be deemed waived, unless they are interposed by demurrer. There was a demurrer filed in which the latter ground was taken, but it was not prosecuted, as the record affirmatively shows, and was overruled by the Court for that reason. Under these circumstances, we are disposed to hold that these objections, which have really been made for the first time in this Court, have been waived. In the case upon which counsel relies, the point was expressly made upon the face of the record, and heard and determined in the Court below.

· (*b.*) But it is further claimed that the facts stated do not constitute a cloud.

In support of this point, it is argued with much force that the judgment in ejectment, standing alone, constitutes no cloud; or, to constitute a cloud, it must be accompanied by the tax deed,·and that as to the tax deed, the facts are not sufficiently stated, because neither the facts upon which its apparent validity depends, nor those by which its real invalidity can be made to appear, are stated.

In an action to remove a cloud there can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, ought to be stated. To merely

name the instrument, therefore, might not, ordinarily, be sufficient; but where the instrument is a tax deed, which, under the statutes of this State, is declared to be *prima facie* evidence of title, we think the name sufficient for the purpose of showing an apparent validity. Taking all that is said in the complaint in relation to the deed and judgment together, we think the apparent validity of the deed and judgment must be considered as sufficiently shown, especially in the absence of a demurrer. As we said in *Hallock* v. *Jaudin* (34 Cal. 173), we cannot reverse a judgment upon the ground that the complaint does not state the facts quite so fully as it ought. If no demurrer has been interposed, there must appear to be an entire want of material facts to justify us in disturbing the judgment.

The objection that the facts showing the invalidity of the tax deed are not sufficiently stated, admits of the same answer. The averment is, that the only title which Anderson had was a tax title which was wholly invalid, because it belonged to a class of titles which had already been decided to be invalid. This mode of stating the grounds upon which a deed is alleged to be invalid, is certainly not to be encouraged, but it is too late to complain of it for the first time in this Court, for the reasons suggested in *Hallock* v. *Jaudin.*

Under the rule in the case of *The People* v. *McCreery* (34 Cal. 432), the tax deed was void, and therefore, upon the whole case, our conclusion is, that in the absence of a demurrer, enough is stated to show that the deed and judgment together constitute a cloud which the plaintiff was entitled to have removed, and the fact that the plaintiff did not ask for, and therefore did not obtain, a cancellation of the deed, gives Anderson no cause to complain.

The point that the plaintiff would have had to refund the taxes to Anderson, before a Court of Equity would have cancelled the deed, is not tenable. That where the tax is valid, but the sale irregular, equity will not cancel the tax deed at the suit of the owner of the land without a tender of the taxes to the purchaser, is not denied. But that is not this case. Here the charge is that the owners, instead of paying the taxes or redeeming the land, as they were morally and

legally bound to do, colluded with Anderson, and Anderson with them, to do it in the name of the latter, for the purpose of defrauding the plaintiff. Under these circumstances, Anderson has no equities, and he cannot call to his aid the maxim that he who seeks equity must come prepared to do equity in return.

There is nothing in the statement on motion for a new trial which, in view of what has already been said, would justify us in disturbing the findings.

Judgment and order affirmed.