· [L. A. No. 3870. Department Two.—March 12, 1917.]

## WINSLOW P. HYATT, Respondent, v. A. COLKINS et al., Defendants; A. COLKINS, Appellant.

QUIETING TITLE—POSSESSION OF PLAINTIFF NOT NECESSARY—PLEADING. An action to quiet title to land under section 738 of the Code of Civil Procedure may be brought by one out of possession, and the complaint need not allege that the plaintiff was in possession of the property.

ID.—INVALIDITY OF INSTRUMENT ASSERTED TO BE A CLOUD AGAINST PLAINTIFF'S TITLE.—In such action the complaint need not specifically allege anything concerning the invalidity or recite any facts showing the invalidity of the instrument asserted to be a cloud against the title of the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Otto Sanaker, and E. M. Barnes, for Appellant.

Winslow P. Hyatt, and Frank S. Adams, for Respondent.

LORIGAN, J.—This action was to quiet title to a lot of land in the city of Los Angeles. The complaint contained the usual allegations in such an action—that plaintiff was the owner and entitled to the possession of the land; that defendants claimed an interest in it adverse to plaintiff, which claim was alleged to be without right, and that none of the defendants had any right or interest in the property—with the usual prayer that defendants be required to set forth their claim or interest in the property; that it should be adjudged in-

valid; that the title of plaintiff was good and valid and the defendants be barred from asserting claims to said premises adverse to plaintiff.

Defendant Colkins filed a general demurrer to the complaint which was overruled, and failing to answer, judgment was entered against him, from which he takes this appeal.

Taking up his points on appeal: He contends that the court erred in overruling his demurrer. His argument is that his demurrer was well taken, because the complaint did not allege that the plaintiff was in possession of the premises when the suit was brought, and further, that nowhere in the complaint is it stated in what the invalidity of the instrument which is said to constitute the cloud upon the title of plaintiff consists, or any facts which show its invalidity. We are at a loss to understand how, under the long-settled law of this state, the appellant can see any merit in his contentions. As to the point that the complaint does not state that the plaintiff was in the possession of the property, it was unnecessary to do so. An action to quiet title may be brought by one out of possession. In *People* v. *Center*, 66 Cal. 551, [5 Pac. 263, 6 Pac. 481] (decided in 1885), it was held on this subject that section 738 of the Code of Civil Procedure (enacted in 1872) is like section 254 of the former Practice Act, except that since the adoption of the code the action to quiet title may be brought by one out of possession. In *Casey* v. *Leggett*, 125 Cal. 664, [58 Pac. 264], in meeting a similar objection as that urged by appellant, the court said: "The owner of land does not have to be in possession in order to maintain an action to quiet title." (See, also, *Brusie* v. *Gates*, 80 Cal. 462, [22 Pac. 284]; *Landregan* v. *Peppin*, 94 Cal. 465, [29 Pac. 771]; *Reiner* v. *Schroeder*, 146 Cal. 411, [80 Pac. 517].)

As to the point that nothing specific is alleged in the complaint concerning the invalidity, or a recital of any facts showing the invalidity of the instrument asserted to be a cloud against the title of plaintiff, it is well settled that there is no merit in such a claim. It was held directly in *Castro* v. *Barry*, 79 Cal. 443, [21 Pac. 946], that the plaintiff is not required to set forth the nature of the claim of defendant. In *Rough* v. *Simmons*, 65 Cal. 227, [3 Pac. 804], a general demurrer to a complaint like the one at bar was sustained by the trial court and the judgment reversed in this court. Appellant cites *Hibernia S. & L. Society* v. *Ordway*, 38 Cal. 679, 681, as sus-

taining his claim of the necessity of setting forth in the complaint the nature of the instrument asserted to constitute a cloud upon title.    But that was an entirely different action from the one instituted here.    That was an action to have a particular instrument, which was specifically pleaded and which it was asserted constituted a cloud on the title of plaintiff, declared invalid.    But that class of cases is different from the case at bar.    They are provided for under sections 3412 and 3413 of the Civil Code.    The present action is one provided for under section 738 of the Code of Civil Procedure. The distinction in this respect in which *Hibernia S. & L. Society* v. *Ordway,* cited by appellant, is discussed, is fully pointed out in *Castro* v. *Barry, supra,* to which reference for any further enlightenment on the point is directed.

The judgment appealed from is affirmed.

Melvin, J., and Henshaw, J., concurred.