[Civ. No. 6159.   First Appellate District, Division Two.—March 23, 1928.]

MAUD LEWIS, Respondent, v. MARY J. MARSHALL, Appellant.

Robert E. Austin and John N. Helmick for Appellant.

James W. Bell for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to quiet title to certain lots in Los Angeles. The defendant Mary Marshall filed an answer in which she denied the material allegations of the plaintiff's complaint and as a separate defense she alleged that she was the owner of the property under and by virtue of a deed made by Edward B. Lewis on the nineteenth day of July, 1924. The defendant Maurice Nathanson filed an answer in which he denied the material allegations of the plaintiff's complaint and then as a separate defense he alleged that he held a mortgage lien in the sum of $500. A trial was had in the trial court before the court sitting without a jury. The court made findings of fact in favor of the defendant Nathanson and against the defendant Marshall, and in favor of the plaintiff. From a judgment entered thereon the defendant Marshall has appealed under section 953a of the Code of Civil Procedure.

Before stating the points made by the defendant it may be well to recite that Edward B. Lewis is an emancipated, illiterate negro of the age of seventy years or thereabouts, and that according to the evidence he was able to merely write his name and was unable to read intelligently. In 1899 he married the plaintiff and thereafter they lived together until about the first of the year 1924, when they had a disagreement and separated, and at the same time made a property settlement between themselves. He was during all these times an employee of Los Angeles on a fixed wage. At the time of the separation the defendant and her husband were living near by. Immediately after the separation of the Lewises, a course of conduct commenced which, among other things, included the following: The defendant moved a house on to one of the lots in suit. She entered into a contract to purchase lands in San Bernardino County for the principal sum of $3,000. The contract is a long one and in the beginning it is recited that Mary J. Marshall is the purchaser. However, at the end it is signed by Mary J. Marshall and by Ed Lewis. It was the theory of the plaintiff that Ed Lewis was induced to sign under the fraudulent

representation that he and the defendant were purchasing jointly, whereas it was the theory of the defendant that Lewis signed as a witness. On its face the instrument shows that Mr. Drummond acted as the witness of all of the signers. At the same time, and as a part of the same transaction, Ed Lewis executed a mortgage on the lots in suit in the sum of $500. He borrowed $280 on his life insurance. Of these sums $700 was turned over to the defendant and was used by the defendant in making installment payments on the San Bernardino property. At about the same time Ed Lewis assigned his life insurance to the defendant's husband. The defendant claimed that on July 19, 1924, Ed Lewis executed a deed of the lots in suit to the defendant. Ed Lewis claimed he did not do so. It is an admitted fact that no consideration passed from the defendant to Lewis except the defendant testified that the deed to her was made pursuant to her statement, "Mr. Lewis, if you are in a mind to transfer this property over to me, you can live with us as long as you care, as long as I have a home, you can stay with us." She claimed no other consideration. At another time she testified she made no promise. During the trial it was the theory of the plaintiff that the deed was not made on said promise, but was but one step in a broad scheme under which the defendant attempted to and did overreach the grantor; moreover, if the foregoing promise was ever made to him, that it was never lived up to and that it was made without any intention of performing it. After she received the deed the defendant continued to live on the property for about six months and then moved to San Bernardino. Later Mr. and Mrs. Lewis became reconciled and Mrs. Lewis returned to her former home, a deed was made by Mr. Lewis to her, and thereafter this action was commenced.

The first point which the defendant makes is that an oral promise, though it cannot be performed within one year, is a valid consideration for the immediate conveyance of real property. The point is not supported by any finding nor by any ruling made during the course of the trial. We are not advised that the trial court found that the promise was ever made, and the point is purely academic.

The second point made by the defendant is that when a cause of action to quiet title depends upon proof of fraud, the facts constituting the fraud must be alleged. The sound-

ness of the contention will not be questioned as a general rule; however, there are exceptions depending upon the particular facts. (*Moore* v. *Copp,* 119 Cal. 429 [51 Pac. 630].) Until the defendant Marshall filed her answer the plaintiff could not know that the defendant was going to rely upon the deed pleaded in the answer of the defendant. After that answer had been filed the statute neither authorized nor required the plaintiff to file another pleading in the nature of a replication. However, at the trial the plaintiff was entitled to attack the deed held by the defendant on the ground that it was not supported by any consideration (*Colton L. & W. Co.* v. *Raynor,* 57 Cal. 588), or that it was forged (*Cutler* v. *Fitzgibbons,* 148 Cal. 562–564 [83 Pac. 1075]), or that it was obtained through fraud (*Sterling* v. *Smith,* 97 Cal. 343 [32 Pac. 320]; *Wolf* v. *Gall,* 176 Cal. 787 [169 Pac. 1017]).

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.