[Civ. No. 2528.  Fourth Appellate District,—April 1, 1940.]

JAKE K. KROEKER et al., Respondents, v. EDWARD DALE HURLBERT, as Trustee, etc., et al., Appellants.

Oliver M. Hickey and Nathaniel Halpern for Appellants.

Borton, Petrini, Conron & Borton for Respondents.

BARNARD, P. J.—This is an action to quiet title. On July 21, 1936, the plaintiffs employed the defendant E. C.

Hurlbert, who was a real estate broker, to assist them in locating the owner of a 40-acre tract of land and in purchasing the same for the lowest amount for which it could be purchased. As compensation for his services, the plaintiffs agreed to convey to him an undivided one-fourth interest in and to all oil and petroleum substances within or underlying the land. Hurlbert located ·the owner of the land and reported to the plaintiffs that it could be purchased for $1500 cash. The plaintiffs paid that amount and received from the owner a deed conveying the tract to them. The deal was handled through an escrow with a title company. The plaintiffs had also left with the title company a deed conveying a one-fourth interest in the oil and petroleum under this land, which deed, at the request of E. C. Hurlbert, was made to, and later delivered to, his son Edward Dale Hurlbert, as trustee. Without the knowledge of plaintiffs E. C. Hurlbert had secured from the former owner of the land an agreement to pay him a commission of 5 per cent for selling the same and, under instructions from the former owner and from Hurlbert, the title company paid E. C. Hurlbert $75 out of the $1500 deposited by the plaintiffs.

After a trial of the action the court found, among other things, that the plaintiffs employed E. C. Hurlbert to purchase the property from the former owner; that as compensation for such services E. C. Hurlbert was to receive one-fourth of the oil and gas substances under said land; that the plaintiffs executed a document purporting to be a grant deed conveying to Edward Dale Hurlbert, as trustee, an undivided one-fourth interest in and to all oil and gas substances under this land; that E. C. Hurlbert secured possession thereof from the title company; that he furnished no consideration whatever for said purported deed except his services as agent of the plaintiffs in the purchase of said real property; that Edward Dale Hurlbert, individually or as trustee, furnished no consideration whatever for said purported deed; that Edward Dale Hurlbert was not known to the plaintiffs; that E. C. Hurlbert procured an agreement from the former owner of the land to pay to him a commission for effecting said sale; that said commission, in the sum of $75, was paid to E. C. Hurlbert; that this was done without the knowledge or consent of the plaintiffs; and that E. C. Hurlbert concealed from

the plaintiffs the fact that he received a commission from the former owner. A judgment was entered quieting the plaintiffs' title to the property in question and denying relief to the defendants. From this judgment the defendants have appealed.

■ It is first contended that any evidence in the record which supports the findings to the effect that E. C. Hurlbert procured an agreement for a commission and collected a commission from the former owner of the land, without the knowledge of the respondents and concealing that fact from them, was erroneously admitted since the respondents had not alleged a cause of action setting up fraud or breach of trust on the part of E. C. Hurlbert as a ground for invalidating the deed by which they had conveyed an undivided one-fourth interest in the oil and gas under this land. The complaint is in the usual and ordinary form for quiet title actions, merely alleging ownership, that the defendants claim some right or interest, that such claim is without right, and asking that the defendants be required to set forth the nature of their claim. The appellants filed an ''answer and cross-complaint'', in which they admitted respondents' ownership of the property in question, with the exception of an undivided one-fourth interest in and to oil and petroleum substances thereunder, and alleged that Edward Dale Hurlbert, as trustee, was the owner of an undivided one-fourth interest in such oil and petroleum substances and that the respondents had conveyed to him, as trustee, such a one-fourth interest ''for a good and valuable consideration''. The respondents answered the cross-complaint, denying all the allegations thereof.

Irrespective of the complaint, the matter of the consideration for this deed was put in issue by the allegations of the cross-complaint and the answer thereto. The respondents introduced in evidence their deed from the former owner of the land and rested. The appellants introduced the deed purporting to convey to them a one-fourth interest in the oil substances. The respondents then introduced the evidence with respect to the consideration for that deed. This evidence was responsive to that issue under the pleadings, first raised by the appellants, and was properly admitted. ■ It clearly appears from this evidence that the only consideration

for this deed was the services of E. C. Hurlbert acting as the agent of the respondents in buying this land for them. As such agent, it was his duty to obtain the land for them at the lowest possible price. The court's findings, as to his failure to perform that duty and his breach of faith in this regard, are amply supported by the evidence.

An additional reason why this evidence was admissible is, we think, to be found in the fact that this case is not within the exception to the usual rule applying in quiet title actions, which exception, where applicable, requires that facts relied upon as showing fraud shall be pleaded in the complaint. It is well settled that, in an action to quiet title brought for the purpose of determining any adverse claim of the defendant, the plaintiff is not required to set forth the nature of the defendant's claim (*Hyatt* v. *Colkins*, 174 Cal. 580 [163 Pac. 1007]). In that case, the court said:

"Appellant cites *Hibernia S. & L. Society* v. *Ordway*, 38 Cal. 679, 681, as sustaining his claim of the necessity of setting forth in the complaint the nature of the instrument asserted to constitute a cloud upon title. But that was an entirely different action from the one instituted here. That was an action to have a particular instrument, which was specifically pleaded and which it was asserted constituted a cloud on the title of plaintiff, declared invalid. But that class of cases is different from the case at bar. They are provided for under sections 3412 and 3413 of the Civil Code. The present action is one provided for under section 738 of the Code of Civil Procedure. The distinction in this respect in which *Hibernia S. & L. Society* v. *Ordway*, cited by appellant, is discussed, is fully pointed out in *Castro* v. *Barry*, *supra*, to which reference for any further enlightenment on the point is directed."

An exception to this general rule is to be found in such cases as *Burris* v. *Adams*, 96 Cal. 664 [31 Pac. 565], *Maison* v. *Puntenney*, 212 Cal. 134 [298 Pac. 33], and *Carpenter* v. *Smallpage*, 220 Cal. 129 [29 Pac. (2d) 841]. In all of those cases the defendant had a clear record title to the property and the plaintiff was unable to make out a *prima facie* case, to show any title in himself, until he attacked and secured the annulment of the particular instrument constituting the defendant's title. In such cases, in which the plaintiff neces-

sarily seeks to have his title to property quieted as against a particular instrument which must be attacked on the ground of fraud before any title can vest in the plaintiff, it has been held that the party claiming to be defrauded must, as in all other cases where fraud is the basis for relief, plead the pertinent facts relied upon as grounds for setting aside the particular instrument.

The exception above referred to is applied in that class of cases which are provided for under sections 3412 and 3413 of the Civil Code, while the general rule applies in cases under section 738 of the Code of Civil Procedure. There is a marked distinction between actions to determine adverse claims under the latter code section and actions to have a certain instrument cancelled and adjudged to be void, which were common in the old chancery practice, and the right to which has been preserved under section 3412 of the Civil Code as limited by section 3413 (*Castro* v. *Barry,* 79 Cal. 443 [21 Pac. 946]). As pointed out in that case, there is an essential difference in the purpose of the two classes of action. In the latter, the proceeding is aimed at a particular instrument or piece of evidence while the former is aimed at the claims of an individual who is asserting some claim against the plaintiff's property, whether such claim be founded on evidence or utterly baseless. In actions to cancel a certain instrument it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked.

The instant case comes within the general rule applied in *Moore* v. *Copp,* 119 Cal. 429 [51 Pac. 630]; *Baker* v. *Baker,* 9 Cal. App. 737 [100 Pac. 892]; *Lewis* v. *Marshall,* 90 Cal. App. 351 [265 Pac. 862]; *Hyatt* v. *Colkins, supra.* The action was one to determine adverse claims and appellants did not have a clear record title to the property, which must be set aside before the respondents could show any title in themselves. The respondents had a deed in fee simple which they introduced in evidence and which made out a *prima facie* case. If the appellants had not appeared or had not introduced the deed upon which they rely the respondents could have secured a judgment binding upon the appellants. Any necessity for proof on the part of the respondents along the lines com-

plained of arose from, and such evidence was introduced in reply to, the evidence offered by the appellants.

Nor do we think there is anything in the case of *Thompson* v. *Moore*, 8 Cal. (2d) 367 [65 Pac. (2d) 800, 109 A. L. R. 1927], which compels a different result here. While the action in that case was in the form of a quiet title action the plaintiff so worded his complaint as to make it a direct attack upon the trust deed relied upon by the defendant, and set forth the facts relied upon as showing that the same had been obtained by fraud. The language used in the opinion in that case must be read in the light of the circumstances there appearing. Anything further was not necessary to the decision therein, and we think it was not intended thereby to overthrow the long established and general rule that an action may be brought under section 738 of the Code of Civil Procedure to determine any adverse claim without anticipating the defenses, unless the case comes clearly within the established exception where a clear record title is in the defendant and the plaintiff cannot show title in himself until he has successfully attacked his adversary's title, in which event he must allege facts to show the fraud or other ground upon which he relies.

In their closing brief the appellants, for the first time, raise the further point that the escrow holder was the agent for all parties to the escrow, that this escrow holder knew that a commission was being paid to E. C. Hurlbert by the former owner of the land, and that this knowledge is imputed to the respondents under rules laid down in such cases as *Early* v. *Owens*, 109 Cal. App. 489 [293 Pac. 136], *Anderson* v. *George L. Barney Co., Inc.*, 1 Cal. App. (2d) 340 [36 Pac. (2d) 717], *Smith* v. *Brown*, 1 Cal. App. (2d) 492 [36 Pac. (2d) 1081], and *Ryder* v. *Young*, 9 Cal. App. (2d) 545 [50 Pac. (2d) 495].

While it clearly appears that the respondents had no knowledge of the fact that a commission was paid by the former owner of the land they bought, it also appears that the former owner of the land signed separate escrow instructions which directed the escrow agent when the deal was closed to pay to E. C. Hurlbert "real estate broker's commission of $75", and that E. C. Hurlbert wrote a letter to the escrow agent, asking him to have the respondents execute a deed to a one-

fourth interest in the oil and mineral rights in this land, making the deed to his son as trustee, "after the title to the said land has passed" to the respondents, and in which he asked the escrow agent to mail him the check for the commission, as stated in the instructions of the former owner. However, in the instructions signed by the respondents it is set forth that the respondents are handing the escrow agent the balance of the purchase price which the escrow agent is authorized to use when it could issue its usual policy of title insurance, showing full title in the respondents, with certain exceptions not material here. In these instructions the respondents further stated that they also handed the escrow agent a deed conveying an undivided one-fourth interest in and to all oil and petroleum substances underlying this land, with instructions to deliver this deed "to E. C. Hurlbert upon the completion of this escrow without consideration or adjustment whatsoever paid to the grantors therefor through your company."

The escrow holder was the agent of the former owner of the land and of the respondents for the purpose of seeing that a good title was conveyed and the purchase price paid to the former owner, and in accordance with his order. The escrow holder was authorized by the respondents to act for them to that extent at least. Incidentally, the respondents left with the escrow holder the deed to the one-fourth interest in the oil and gas underlying this land, which is here in question, with instructions to deliver this upon the completion of the escrow. The escrow holder was expressly instructed, however, that it had nothing to do with the consideration for this deed, and that it was not to collect anything for the respondents on account of said deed. Although the papers were included in the same escrow, in a very real sense the transfer of this deed to the appellants was a separate matter from the other part of the escrow which involved a conveyance of the land from the former owner to the respondents. That this was so was recognized by the appellant E. C. Hurlbert who, after the escrow instructions had been signed by the respondents and the former owner of the land, gave the escrow holder a written request to have a deed to a one-fourth interest in the oil and mineral rights signed by the respondents "after the title to the said land has passed to them from" the former

owner. Assuming that the escrow holder was the agent of the respondents in the passing of the deed conveying a one-fourth interest in the oil rights to the appellants the authority and scope of its agency for that purpose was limited, the entire matter of the consideration for that deed being excluded from the escrow agent's duty and from the sphere of its agency in that regard. That consideration was the services of the appellant E. C. Hurlbert in buying the land as cheaply as possible. Not only did the escrow holder have no knowledge of that consideration or the obligation of the appellants to perform that service, but if it had had such knowledge the same would not have been within the scope of its agency. If the escrow agent had knowledge of facts which would otherwise affect this consideration, that knowledge related to a matter which was not within the scope of its agency. It follows that the respondents would not be bound by any such knowledge, and the evidence amply supports the court's finding that nothing concerning that matter was communicated to the respondents and that they had no actual knowledge of any such fact.

A further consideration is that a real estate broker should not be relieved from the consequences of a plain fraud and violation of his duty to his employer, such as was found by the court here, on a technical constructive notice unless this is necessary in order to conserve established rules which, in some cases, are most salutary. The rule here in question, as laid down in cited cases and others, has been invoked in order to do equity and to prevent fraud, and it is not necessary that this rule be so extended, under the circumstances of this case, as to permit it to be used in perpetuating a fraud and in protecting an agent in the violation of his duty to his employer.

In view of what has been said, it is unnecessary to consider a further question raised as to whether the deed conveying a one-fourth interest in the oil and gas under this property to the appellants was void, since it was issued without obtaining a permit from the commissioner of corporations.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1940.