[Civ. No. 3759. Fourth Dist. Apr. 8, 1949.]

HENRY J. SANTENS, Respondent, v. LOS ANGELES FINANCE COMPANY (a Corporation) et al., Defendants; JOHN E. MILLER, Appellant.

George W. Rochester for Appellant.

Zeutzius & Steffes and Jamison & Jamison for Respondent.

MUSSELL, J.—Defendant appeals from a judgment for plaintiff in an action to quiet title.

The complaint contains the conventional allegations in a quiet title action and in addition it is alleged that the defendant, John E. Miller, claims to be the successor trustee to C. W. Goodman, now deceased, under a trust deed executed by Charles E. Holtzman to C. W. Goodman, as trustee, in favor of the Los Angeles Finance Company, a corporation, as beneficiary, but that John E. Miller is not now, and never has been, a successor trustee under said trust deed and that he has no interest in the trust deed or the promissory note mentioned therein and that defendant is, or claims to be the administrator of the estate of C. W. Goodman, deceased.

In his answer defendant alleged that he is trustee under said trust deed; that he claims title to the real property described in the complaint as beneficiary and trustee under the trust deed; that on December 18, 1929, Charles E. Holtzman executed and delivered his promissory note to Los Angeles

Finance Company, a corporation, in the principal sum of $2,500; that the note was secured by a trust deed to C. W. Goodman as trustee, and Los Angeles Finance Company as beneficiary; that the trust deed covered the property described in the complaint; that in April, 1946, defendant recovered a judgment against the Los Angeles Finance Company; that an execution was issued on the judgment under which the sheriff levied upon and sold the trust deed and note to defendant; that on July 12, 1946, defendant was substituted as trustee and on August 15, 1946, defendant executed and recorded a declaration of default and notice of election to sell the property.

It was stipulated at the trial that on December 18, 1929, Charles E. Holtzman was the owner in fee of the real property described in plaintiff's complaint and that he was the common source of whatever right or title the parties or either of them possessed. There was no controversy as to the due execution and recordation of the note and trust deed and it is conceded that plaintiff is the grantee in a deed from Charles E. Holtzman executed on January 31st, 1946, conveying the real property involved.

The promissory note and trust deed in question were assigned to Raymond R. Graham by the Los Angeles Finance Company on or about January 30, 1930. The assignment was in writing endorsed on the reverse side of the original note, and was signed Los Angeles Finance Company, by C. W. Goodman, president, by B. E. Bigler, secretary. The seal of the company was affixed and the note and trust deed were delivered to Graham in whose possession they remained until February 26, 1947. On April 24, 1947, the note and trust deed were assigned by Graham to Max B. Jamison.

Defendant claims title to the note and trust deed by virtue of a levy and sale under the execution on the judgment which he obtained on April 16, 1946, against the Los Angeles Finance Company and John E. Miller, special administrator of the estate of Charles W. Goodman, deceased, for the sum of $34,146.65.

A writ of execution was issued on this judgment on April 18, 1946, and the Sheriff of the County of Los Angeles, pursuant to instructions from defendant herein, made demand upon the Los Angeles Finance Company on May 20, 1946, for the trust deed in question. In answer to the demand the president of the company stated that she did not have the records

of the company. The sheriff's "return on garnishment," dated May 29, 1946, recites that on May 29th, 1946, he "attached all moneys, goods, credits, effects, debts due or owing or any other personal property belonging to the Los Angeles Finance Company, a corporation, one of the defendants therein named, in possession or under the control of Los Angeles Finance Company by delivering to and leaving with the president of the company a copy of the writ of execution with a notice thereon that such property was attached by virtue of said writ." The answer of the company to this notice was as follows: "Actual records of this corporation are not in the. possession of current officers, being the subject of inquiry and demand made upon previous officers." The sheriff's return on execution dated June 13, 1946, recited that on the 13th day of June, 1946, he offered for sale the property described, to-wit: "All right, title and interest of the defendants in and to: After serving garnishment upon the Los Angeles Finance Company by serving its president Veda V. Saxby, I received the following answer: 'Actual records of this corporation are not in the possession of current officers, being the subject of inquiry and demand made upon previous officers. However, the undersigned is informed and believes that the official book of references set forth on accompanying writ do represent an interest belonging to the said corporation, altho writer is unable to verify exact amount of said interest at this time, as aforesaid' " and sold the whole of the same in one parcel to John E. Miller for the sum of $100. The certificate of sale of personal property issued by the sheriff on June 13, 1946, described the property sold as set forth in the quoted portion of the return on execution.

The trial court found that the Los Angeles Finance Company at the time of the purported levy of the writ of execution had no right, title and interest in the promissory note and trust deed; that the sheriff did not sell any right, title or interest of the Los Angeles Finance Company in the note or trust deed; that on or about January, 1930, the Los Angeles Finance Company assigned and transferred the note and trust deed to Raymond R. Graham and that he assigned the note and trust deed to Max B. Jamison; that defendant was never a successor trustee under the trust deed and that defendant had no right, title or interest in the real property involved.

We conclude that these findings are sufficiently supported by the evidence. The assignment of the note and trust

deed to Graham in 1930 divested the finance company of any interest in the note and trust deed which could be sold on execution, and there is nothing in the record indicating that the finance company reacquired the note and trust deed after the assignment to Graham in 1930. Since the finance company had no interest in the note or trust deed on the date of the purported levy of the execution the defendant could not acquire any interest therein by the proceedings under the writ.

■ It is a well settled rule that an attaching creditor, seeking to subject the property of a debtor to the payment of his debt, obtains a lien only upon the title or interest which the debtor has, and when no actual interest is shown the attaching creditor gets nothing by virtue of his levy. The lien attaches to the real and not the apparent interest of the other. (*Henry* v. *General Forming, Ltd.,* 33 Cal.2d 223, 226 [200 P.2d 785].)

The transfer of the note carried with it the security (*Adler* v. *Sargent,* 109 Cal. 42, 48 [41 P. 799]; *Pacific States S. & L. Co.* v. *North American etc. Co.,* 37 Cal.App.2d 307, 309 [99 P.2d 355]) and no attempt was made by defendant to levy execution on the note or to cause a garnishment to be served on the maker to attach the money, if any, payable under its terms.

The attempted service of garnishment on the debtor, finance company, was not in compliance with the provisions of section 542 of the Code of Civil Procedure, in effect at the time, which required a service of a copy of the summons and complaint together with a copy of the writ, and the service of the writ was not made upon "the persons owing such debts, or having in his possession, or under his control, such credits or other personal property . . ." (*Jubelt* v. *Sketers,* 84 Cal.App.2d 653, 656 [191 P.2d 460].)

The sheriff's return on the writ of execution fails to describe the property, if any, which he sold. If he in fact sold an interest in the trust deed such fact does not appear in the return on the writ or in the certificate of sale. The note and trust deed were not in his possession and were not described or referred to in the return. The purported sale did not sufficiently describe the property or interest sold. (*Baar* v. *Smith,* 97 Cal.App. 398, 401 [275 P. 861].)

■ Defendant argues that since the assignment of the note and trust deed to Graham was not recorded defendant was a bona fide purchaser at the execution sale and is not

bound by the assignment. He relies on the provision of section 2934 of the Civil Code that ''[a]ny assignment . . . of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons.'' We see nothing in the wording of the section which would operate to defeat the title to Graham of the note and trust deed as the transfer of the note carried with it the security and the trust deed is a mere incident of the debt and could only be foreclosed by the owner of the note. (*Adler* v. *Sargent, supra.*)

■ Defendant contends that the trial court erred in denying his motions for judgment on the pleadings and nonsuit.

The complaint to quiet title contained the usual allegations in such an action and was sufficient as a pleading. (*Hyatt* v. *Colkins,* 174 Cal. 580 [163 P. 1007] ; *Thompson* v. *Moore,* 8 Cal. 2d 367, 372 [65 P.2d 800, 109 A.L.R. 1027].) Plaintiff made out a prima facie case, since it was stipulated that Charles E. Holtzman was the owner in fee of the real property described in the complaint, and that he was the common source of whatever right, title or interest the parties or either of them possessed. (*Kroeker* v. *Hurlbert,* 38 Cal.App.2d 261, 267 [101 P.2d 101] ; *Phillips* v. *Menotti,* 167 Cal. 328, 329, 330 [139 P. 796].) We find no error in the court's ruling on the motions.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 29, 1949, and appellant's petition for a hearing by the Supreme Court was denied June 2, 1949.